[No. 6408.]

IN RE ESTATE OF EDWARD SHAPTER.

1. **Appeals—County Court to District Court—Probate Matters**—Under § 1034, Mills' Stats., when the contestants of a will appeal to the district court, and after the reversal of a judgment of that court rejecting the will and remanding the cause, fail for more than sixteen months to bring the contest to hearing, their appeal will be dismissed, unless the delay be excused.— P. 552.

Negotiations for settlement conducted in good faith may excuse such delay.—P. 555.

Otherwise, as to a negotiation between appellants and the president of a corporation, one of the beneficiaries in the will, of which neither the executor nor any attorney theretofore connected with him, or with the beneficiaries, had any notice.— P. 556.

An averment that "sundry propositions and counter-propositions for settlement have been made by the contestants and the beneficiaries," not giving their dates, does not aid the matter. —P. 556.

2. **Statutes Construed**—The statute (Mills' Stats., § 1034) providing that "All causes in matters of probate appealed to the district court *. * * shall be given preference over all other civil causes * * * and if the appellant does not promptly take advantage of such preference, the appeal shall be dismissed," is not affected nor modified by another statute (Code, § 175) providing that "The clerk shall enter all causes now at issue," and that such causes "shall remain upon the calendar until finally disposed of." Nor by Code, § 176, providing that "either party may bring the issues to trial, etc." Nor by the Statute of Wills, § 163 (Laws 1903, 531), that "All questions of law and fact relating to probate matters shall be determined by the county court. An appeal shall be taken to the district court as in other cases, to be allowed and prosecuted in the same manner as in civil or law cases."—Pp. 553, 554.

*Error to Denver District Court.*
*Hon. George W. Allen, Judge.*

Mr. J. E. Robinson, Mr. Andrew W. Gillette, for plaintiffs in error.

Mr. Fred W. Parks and Mr. R. T. MacNeal, for defendant in error.

Edward Shapter died in February, 1901. March 1st of that year a will was presented to the county court of the city and county of Denver for probate and was subsequently duly admitted to probate. Thereupon contestants, being nonresident heirs of deceased, appealed to the district court and in June, 1902, the cause came on for trial, *de novo;* upon conclusion of the proofs offered by proponents a verdict was directed by the court against the will. Judgment refusing probate being entered on this verdict, proponents appealed to this court, where a reversal took place; the court holding that there was sufficient evidence to require submission of the cause to the jury.—*In the Matter of Edward Shapter, Deceased,* 35 Colo. 578.

On the 15th of April, 1906, the cause was remanded to the district court, where it rested without further action until September 6, 1907. At the latter date, proponents filed a motion to dismiss the appeal from the county court for failure to prosecute, and supported said motion by affidavit. Contestants thereupon and on the same date served notice that they would apply to have the cause set for trial; on September 30th following, they also filed a counter affidavit resisting dismissal. The district court upon the hearing of said motions granted proponents' application and entered judgment dismissing the appeal. From that judgment the cause was by contestants again brought to this court, and its correctness is challenged upon the present hearing.

In support of the action thus taken by the district court proponents, who are the present defendants in error, cite and rely to a large extent upon § 1034, Mills' Ann. Stats., adopted in 1885. This section is given in the opinion and will not be here quoted.

Certain other statutes are referred to and relied on by contestants, who are the present plaintiffs in error. These statutes are:

Sections 156 and 157, Code of 1877, viz.:

Sec. 156. "The clerk shall enter causes upon the calendar according to the date of the issue, Causes once placed upon the calendar for a general or a special term, if not tried or heard at such term shall remain upon the calendar from court to court until finally disposed of."

Sec. 157. "Either party may bring the issue to a trial or to a hearing and in the absence of the adverse party, unless the court for good cause otherwise direct, may proceed with his case, take a dismissal of the action or verdict or a judgment, as the case may require."

The foregoing sections were re-enacted in substantially the same form in the amended code of 1887, sections 175 and 176.

Session Laws 1891, page 109, sec. 3:

"All questions of law and fact, relating to probate matters in any county shall be determined by the county court of such county and from any and all such decisions upon any such questions appeals or writs of certiorari shall lie to the district court of the same county, to be prosecuted in the same manner as appeals or writs of certiorari, respectively, when prosecuted in civil or law cases from the decisions of such county courts."

Session Laws 1903, page 531, sec. 163:

This section is part of a general statute on the subject of "Wills" and is, in so far as the present discussion is concerned, substantially the same as the last foregoing provision; it declares, *inter alia,* that:

"All questions of law and fact relating to probate matters, * * * shall be determined by the county court of such county and from any and all final judgments or decrees upon any such questions, appeals or writs of certiorari shall lie to the district court of the same county, * * * as in other cases, to be allowed and prosecuted in the same manner as appeals or writs of certiorari, respectively, when prosecuted in civil or law cases from the decisions of such county * * * courts."

All other matters sufficiently appear in the opinion.

Mr. JUSTICE HELM delivered the opinion of the court:

The sole question presented for determination in this case is the correctness of the ruling by the district court in dismissing the appeal for want of prosecution. The law provides for appeals in cases of

this kind from the judgment of the county court to the district court. It also provides that the trial in the latter court shall be *de novo*. And when the cause was remanded after reversal by this court its status upon the docket of the district court was precisely the same as when first appealed to that court from the county court.

From the 15th of April, 1906, when the cause was so redocketed in the district court, until September 6, 1907, a period of more than sixteen months, no step of any kind whatever was taken by either party in the latter court. On the date last mentioned the motion of proponents, who were appellees in the district court, to dismiss for want of prosecution, was met by a counter motion and notice of contestants to set the cause for trial.

The policy of the law in this class of cases as clearly evidenced by the statutes in relation thereto, is to expedite all proceedings connected with the probating of wills and the settlement of estates of deceased persons. And the delay in bringing this cause on for trial after its reversal and relodgment in the district court is hardly in keeping with this policy. But inasmuch as appellees in the district court, who were proponents, made no effort during the period mentioned, to have the cause set for hearing, and inasmuch as they had the laboring oar in securing admission of the will to probate, it would at first seem as if they were equally guilty with contestants, and equally responsible for the laches. The argument of counsel for contestants, who are plaintiffs in error here, in their opening brief is strong and persuasive. And in the absence of a special statute relating to the subject, the present hearing would be more serious and the question submitted, more difficult of determination.

But in this connection, we are confronted with the following statute, viz., § 1034, Mills' Ann. Stats.:

"All causes in matters of probate appealed to the district court from the county court of any county shall be given preference in trial over all other civil causes at every term of said district courts, and if the appellant does not promptly take advantage of such preference, the appeal shall be dismissed on motion of the appellee, for failure to prosecute such appeal, and at the costs of the appellant, and a procedendo ordered, if desired or necessary, to the county court from which such appeal was taken."

This statute was adopted in 1885 and has never been expressly repealed. Its wise and beneficent purpose is so clearly stated as practially to exclude all serious doubt. It first declares that such cases as the one at bar shall, upon appeal to the district court, have preference in trial over all other civil causes; it then makes appellant responsible for the prompt assertion of such preference; and finally, upon his failure in this regard, it directs a dismissal of the appeal at his costs.

Thus by express statute these appellants were made responsible for a speedy trial of the cause in the district court, and their neglect subjected their appeal to dismissal. Unless, therefore, the statute has been repealed, or has been modified by some other provision of law, or unless the delay of nearly seventeen months could be and was satisfactorily excused, the action of the district court in dismissing the appeal was right and its judgment must be affirmed.

But counsel for plaintiffs in error undertake to avoid such affirmance upon three grounds which they support with earnest and ingenious arguments, viz.: First, that said section 1034 should be constructed with sections 156 and 157 of the Code of Procedure, and that, instead of placing responsibility upon ap-

pellant in the district court, it is directory to the clerk of that court only, in the preparation of his trial calendar. Second, that this statute was repealed by implication by a provision adopted in 1891, which later provision was itself in like manner repealed or modified by the legislature in 1903. And, third, that a full and sufficient excuse for the delay in question was presented by the uncontroverted affidavit filed for appellants in resisting the motion to dismiss the appeal.

As to the first of the foregoing objections but little need be added to what has already been said. The code provisions mentioned, are general provisions relating to all causes pending in the district court, fixing the order in which they shall appear upon its calendar, and extending to both parties the privilege of bringing them on for hearing when reached upon that calendar. Section 1034 is a special provision singling out a particular class of cases, giving them precedence in trial, and placing upon the party responsible for their presence in the district court the obligation to insist upon a speedy trial. The corresponding code provisions of 1887 are substantially the same as those of 1877. The expression "when a cause is regularly reached upon the calendar" incorporated into the later statute, is but an affirmative statement of what was clearly implied in the earlier one. There is no such relationship or inconsistency between them and section 1034 as modifies the latter, or in any manner affects the interpretation thereof above given.

Nor does counsel's second objection rest upon a basis any more substantial. The statute of 1891 did not operate, as they contend, to repeal section 1034. It provided that the decisions of the county court upon questions of law and fact relating to probate matters might be taken to the district court by appeal

or by writ of certiorari; and that such appeal should be taken or the certiorari proceeding should be had, in the same manner as appeals or writs of certiorari were prosecuted in civil or law cases from the decisions of the county court to the district court. This statute does not deal with or refer to procedure in the district court after the cause has been properly lodged in that tribunal by appeal or by certiorari; its entire scope is limited to the manner of perfecting the appeal or of completing the transfer by certiorari from the county court to the district court. The phrase "to be prosecuted" cannot be construed as including the matter of precedence in the order of trial, or applying to any of the other steps connected with the consideration and determination of the cause, *de novo,* in the district court.

The last foregoing observations apply also to the argument that said section 1034 was repealed or in some manner affected by the act of 1903, referred to. It is unnecessary to consider whether the latter act did or did not repeal the statute of 1891 just examined. It substitutes the phrase "final judgments or decrees" for the word "decisions" and the words "to be allowed and prosecuted," for the words "to be prosecuted," it provides for appeals from either the district court or the county court to the court of appeals or supreme court, and it directs the clerk of the appellate court upon final determination to remand the cause to the lower court; in these respects it changes or adds to the statute of 1891. But in so far as the question here under consideration is concerned, it is in all substantial particulars exactly the same as that provision. Its whole scope and effect, save as to the remanding of the cause and proceedings in the county court according to the appellate court's decision, is limited to the allowance and prosecution of the appeal or writ of certiorari, as the

case might be; and save in the particular just mentioned, it has nothing to do with the procedure or trial in the district or other appellate court.

This brings us to the third and final argument urged in support of a reversal of the judgment below. An affidavit was filed in opposition to the dismissal of the appeal by the district court. And counsel insist that even if section 1034 still be in force, the delay was thus sufficiently explained and excused.

The obvious intent of section 1034 is to place upon appellant in the district court the burden of promptly invoking the preference there given, and upon his failure in this regard, to require a dismissal of the appeal. But the district court is entitled to consider the specific circumstances in each case, when deciding whether appellant has or has not "promptly" invoked such statutory preference. It was not the intention to exclude negotiations conducted in good faith for a settlement, or to require a peremptory and arbitrary dismissal regardless of circumstances. And, undoubtedly, a period consonant with the recognition of proper diligence and despatch in one case, might be amply sufficient to require a dismissal for laches in another case.

The affidavit of appellee in the district court supporting the motion for dismissal of the appeal recites, among other things, the following facts, viz.: That since the original probate of the will one of the attesting witnesses thereto had died; that appellants were residents of England and were not in Colorado, nor had they been here at any time during the proceedings; that they had failed to pay any portion of the costs taxed against them in the appellate court, although long since due, and execution issued therefor had been returned unsatisfied; and that nearly seventeen months had passed without trial or other

proceedings, since the remanding of the cause from this court.

The counter affidavit relied on by appellants in the district court upon said proceeding, undertakes, as already observed, to explain and excuse the delay on their part of nearly seventeen months, in asking to have the cause set down for trial. It recites, *inter alia,* that since the cause was remanded to the district court sundry propositions and counter propositions for a settlement had been made by contestants and the beneficiaries under the will; that in July, 1907, an interview took place between the attorney for appellants and the president of one of said beneficiaries, a corporation, and its attorney; that a copy of the abstract and briefs filed in this court was requested by and furnished to said parties; and that subsequently a letter was written by counsel for appellants requesting a speedy answer to the proposition so discussed, said letter being quoted in full; but that no answer thereto had been received at the date of the application for dismissal.

In the first place the negotiation thus recited was not conducted with the executor designated by the will, or with any attorney of record who was or had previously been connected with the case for said executor or for the beneficiaries named in that instrument. On the contrary, in so far as we are advised, such attorneys of record, the executor, and all of the beneficiaries, save one, were entirely ignorant of the pendency of the negotiation. In the second place a period of fifteen months elapsed between the date when the cause was remanded to the district court from this court, and the institution of the negotiation so specifically described. And this unexplained delay of fifteen months could, under the circumstances, hardly be considered excusable.

True, the affidavit under consideration also recited that sundry propositions and counter propositions of settlement had been made between the dates of remanding the cause and filing of the motion to dismiss. But such recital is general and insufficient. It does not show that any of the other propositions or counter propositions were made before the beginning of the negotiations in July, 1907. In fact, it does not affirmatively appear that there were any such other negotiations. Had prior propositions or counter propositions been submitted, the fact should have been expressly stated in the affidavit, together with the dates thereof.

In dismissing the appeal the district court, doubtless, found that appellants did not comply with the statute requiring diligence. And we discover nothing in the record that would justify a reversal of that finding by us.

The judgment will be affirmed.     *Affirmed.*

Mr. Justice Gabbert and Mr. Justice Bailey concurring.