No. 14,836.

Estate of McClelland

HIGHBERGER *v.* SPRENGLE ET AL.
(121 P. [2d] 893)

Decided January 26, 1942.

Mr. D. A. HIGHBERGER, Mr. ROY A. PAYTON, for plaintiff in error.

Messrs. LANGDON & BARBRICK, Messrs. DEVINE, PRESTON & PETERSEN, for defendants in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

This cause is before us on writ of error to the district court of Pueblo county to review a judgment dismissing an appeal to that court from a judgment of the county court denying probate of a will.

Plaintiff in error, proponent of the will, assigns seven alleged errors, only one of which we deem it necessary to consider, namely, "that the Court erred in dismissing the appeal from the County Court 'for failure of the appellant to promptly have said cause set for trial and disposed of in this [district] Court in compliance with the statute'."

Deceased, Columbia J. McClelland, executed a will bearing date April 27, 1935. She executed a second will dated June 8, 1935, which contained a revoking clause. The executors of the first will lodged it in the county court and petitioned that it be admitted to probate. The executors of the second will filed a caveat objecting to the probate of the earlier will for the reason that it was not the last will and testament of decedent, and at the same time tendered the second will with a petition that it be admitted to probate. A caveat directed to the second will alleging numerous grounds of its invalidity was filed by beneficiaries under the first will.

The issues raised in these various proceedings came on for hearing before the county court which adjudged the second will invalid and admitted the first will to probate. From this judgment proponents of the second will perfected an appeal to the district court and lodged it therein January 12, 1940. Thereafter, on April 11, 1940, a motion to dismiss said appeal was filed in the district court on behalf of proponents of the first will stating as grounds therefor that the appeal had not been prosecuted with dispatch as required by the provisions of section 119, chapter 46, '35 C.S.A., which is as follows: "All causes in matters of probate, appealed to the dis-

trict court from the county court of any county, shall be given the preference in trial over all other civil causes at every term of said district courts, and if the appellant does not promptly take advantage of such preference, the appeal shall be dismissed on motion of the appellee, for failure to prosecute such appeal, and at the costs of appellant, and a procedendo ordered, if desired or necessary, to the county court from which such appeal was taken."

The district court did not hold a hearing on this motion until April 27, sixteen days after it was filed. Two days after the hearing, an affidavit executed by Frances M. Cale was filed in the district court by appellants reciting that she was well and intimately acquainted with the deceased testatrix; that she had seen her practically daily during the latter portion of her life; that she was present when the second will was executed, and that she had been advised by counsel for appellants in the district court that her testimony was imperatively needed on the trial; that beginning with the latter part of March she had been troubled with a skin cancer, and from April 7 to 26, was absent from the state receiving treatment for this disease in a hospital in Missouri. One of the attorneys for proponents filed an affidavit showing several days' illness on his part during the early days in April, and alleging that appellants were then ready to proceed with the trial of said cause at the earliest possible moment.

After the hearing on April 27, the district court took the matter under advisement, and on May 29, thirty-two days after the hearing, and forty-eight days after the motion to dismiss was filed, entered a judgment dismissing the appeal for failure of appellants to use diligence in bringing the matter to trial as required by statute.

Only one case construing the statute, *In Re Shapter Estate,* 44 Colo. 547, 99 Pac. 35, is called to our attention, and there is apparent agreement on the part of counsel that it is the only case in which the statute has

been before an appellate court. In that case there was an attempt to explain a delay of seventeen months. The showing was held insufficient, and the judgment dismissing the appeal was affirmed. Mr. Justice Helm, speaking for the court, we think properly and clearly expressed the spirit of the statute here involved. He said: "The obvious intent of section 1034 [the statute here under consideration] is to place upon appellant in the district court the burden of promptly invoking the preference there given, and upon his failure in this regard, to require a dismissal of the appeal. But the district court is entitled to consider the specific circumstances in each case, when deciding whether appellant has or has not 'promptly' invoked such statutory preference. It was not the intention to exclude negotiations conducted in good faith for a settlement, or to require a peremptory and arbitrary dismissal regardless of circumstances. And, undoubtedly, a period consonant with the recognition of proper diligence and despatch in one case, might be amply sufficient to require a dismissal for laches in another case."

As this statement indicates, no formula can be laid down which would be applicable to every case; each must be determined in the light of its particular facts. That the learned trial judge entertained some doubt as to whether he should grant or deny the motion to dismiss may be assumed from the fact that he required forty-eight days after the motion was filed to hear it and reach the conclusion that a failure for a period of ninety days to bring the cause on for trial was such delay as necessitated the enforcement against appellants of the penalty provided by the statute. While the matter may not be free from doubt, we think equitable considerations favor the granting to appellants "their day in court" rather than a denial thereof; consequently, we are of the opinion that under the circumstances of the case, the application to dismiss should have been denied,

and that the dismissal of the appeal was an abuse of the court's discretion.

The judgment is reversed and the cause remanded to the district court for further proceedings consistent with the views herein expressed.