## No. 11,727.

Yampa Valley Coal Company *v.* Velotta, et al.

Decided January 16, 1928.   Rehearing denied February 6, 1928.

Action for death of plaintiff's son.    Judgment for plaintiffs.

### *Reversed.*

1.  Appeal and Error—*Review—Remand.* Where a judgment is reversed in the Supreme Court and the cause remanded for further proceedings, the lower court is reinvested with full jurisdiction.

2.  Actions—*Laches.* Where the Supreme Court reversed a judgment and remanded the cause for further proceedings, and plaintiff failed for eight years to take any steps to have the cause retried, a motion to dismiss for want of prosecution should have been sustained, no reasonable excuse for the delay being shown.

3.      *Dismissal—Laches.* It is not necessary for a defendant moving to dismiss a cause for want of prosecution to make any showing of inconvenience or injury he has suffered or may suffer because of the delay. The law will presume injury from unreasonable delay.

4.  Limitation of Actions—*Delay in Prosecution.* The institution of an action does not of itself relieve a person from the charge of laches or unreasonable delay in prosecuting his suit. If he fails in the diligent prosecution of the action, the consequences are the same as though no action had been begun.

5.  Trial—*Speedy.* A party against whom an action is brought is entitled to as speedy disposition of the same as is consistent with his own, and the rights of plaintiff.

6.  Actions—*Parties—Procedure.* It is not the duty of a defendant to make any move whatever except such as the law requires in response to steps initiated by plaintiff.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. Henry J. Hersey, Mr. Fred W. Varney, for plaintiff in error.

Mr. JOHN T. BOTTOM, for defendants in error.

*Department One.*

MR. JUSTICE WHITFORD, sitting for MR. CHIEF JUSTICE DENISON, delivered the opinion of the court.

ON March 19, 1912, the defendants in error, Giuseppe and Concetta Velotta commenced an action in the district court against the Yampa Valley Coal Company, the plaintiff in error, to recover damages for injuries to their minor son, which resulted in his death. Six months later the issues were joined, and the case was set for trial on the merits. On the trial, at the conclusion of the evidence, the court directed a verdict for the defendant company. After filing their bill of exceptions in the district court more than two years elapsed before the plaintiffs filed their petition in the Supreme Court for a writ of error. On April 2, 1917, the Supreme Court, with three justices dissenting, reversed the judgment of the district court, and remanded the case, with instructions to the lower court to proceed in accordance with the views expressed in its opinion. *Velotta v. Yampa Valley Coal Co.,* 63 Colo. 489, 167 Pac. 971, L. R. A. 1918B, 917. For nearly eight years after that decision the case was permitted to lie dormant in the Supreme Court, without any action whatsoever. The remittitur was finally issued to the district court on February 24, 1925. Thereupon the defendant company filed a motion, with supporting affidavits, to dismiss the action, because of extreme laches, and want of due diligence in prosecuting the case within a reasonable time after the order of remand by the Supreme Court; because the defendant company is civilly dead, and the plaintiffs have slept upon their rights, and have failed to prosecute their action prior to the formal dissolution of the defendant company; because material witnesses are dead, and other witnesses have disappeared and departed the jurisdiction, and for other reasons. The

district court denied the motion. The court held that the judgment of the Supreme Court (*Velotta v. Yampa Coal Company, supra*), reversing and remanding the case, was of such a mandatory character as to deprive the lower court of its discretion and power to pass upon the question of the plaintiff's laches and want of diligence. This was error. The district court should have sustained the motion to dismiss the action. Plaintiffs offered no reasonable excuse for the long delay and lack of diligence in prosecuting the action. The Supreme Court had reversed and remanded the case. The case was at issue, and was ready for trial de novo. The plaintiffs took no steps, whatever, to bring the case to trial for a period of eight years. An attempt was made by plaintiffs to excuse their want of diligence by showing that the attorney for the defendant was overseas, and that the residences of the officers of the corporation were unknown to them, and that, by the exercise of due diligence, no one could be found upon whom service could be made for the purpose of bringing the defendant into court. The showing was wholly insufficient to excuse the delay. The verified annual reports of the corporation, filed with the secretary of state, furnished definite legal information of the residences of the officers of the corporation, upon whom service could readily have been had at any time. In the meantime material witnesses of the defendant had died, and other material witnesses had left the jurisdiction of the court, and their whereabouts, by reason of the delay, became unknown. But we do not understand it to be necessary for a party moving to dismiss for want of diligence in prosecuting an action, to show the inconvenience or injury he has suffered, or may suffer by reason of the delay. The law will presume injury from unreasonable delay. It is the policy of the law to favor and encourage the prompt disposition of litigation. *Gray v. Times-Mirror Company*, 11 Cal. App. 155, 104 Pac. 481. And consistent with this policy, our legislature, in creating this statutory remedy to avoid litigation over stale de-

mands, limited the right of action to two years in this class of cases where the negligence resulted in the death, for which the action was brought. It is true the action in the instant case was brought within the time fixed by the statute. But the mere institution of an action does not, of itself, relieve the person from the charge of laches, or inexcusable delay, and if he fails in the diligent prosecution of the action the consequences are the same as though no action had been begun. *Hagerman v. Bates,* 5 Colo. App. 391, 38 Pac. 1100.

A party against whom an action is brought is entitled to as speedy disposition of the same as is consistent with his own, and the rights of the plaintiff. This is in harmony with our Bill of Rights, which guarantees a speedy remedy for infringement of rights of person and property, and declares that justice shall be administered without delay. If a person starts the law in motion, and does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of a default, and a dismissal of the action. It is not contended here that any duty rested upon the defendant to take any affirmative action, and, on principle, it was not its duty to make any move whatever, except such as the law required it to make in response to the steps initiated by the plaintiff. *Bates v. Woodward,* 66 Colo. 555, 185 Pac. 351.

More than sixteen years have elapsed since the right of action accrued, on August 25, 1911. The case slept eight years in the office of the clerk of the Supreme Court after the judgment of reversal. The delay was unreasonable and inexcusable. Other assignments are presented by the record, but our determination of them would not affect the result, and we, therefore, pass them, without consideration.

The judgment is reversed, and the case remanded, with directions to dismiss the action.

MR. JUSTICE SHEAFOR, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.