## No. 19,570.

Eugene Cervi, et al. *v.* Town of Greenwood Village.

(362 P. [2d] 1050)

Decided July 3, 1961.   Rehearing denied July 17, 1961.

Mr. J. Fred Schneider, Mr. Fred M. Winner, Mr. Warren O. Martin, for plaintiffs in error.

Mr. CHARLES R. ENOS, Mrs. BERNICE M. BUCHLER, Mr. JOHN M. DEISCH, Mr. C. CHARLES BUCHLER, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE parties appear here in the same order as they appeared in the trial court, and will be designated accordingly.

Plaintiffs are property owners in the Town of Greenwood Village in Arapahoe County, Colorado. They petitioned the County Court on March 25, 1952, under C.R.S. '53, 139-13-1, et seq., to disconnect their land from the town. Since that date the statute has been amended [C.R.S. '53, 139-13-2(6), (1957)], so that it materially affects plaintiffs' rights if they are forced to file a new action under the law now in effect. On June 14, 1960, the County Court dismissed the petition for failure to prosecute. Plaintiffs are here by writ of error, asserting that the trial court erred in ordering the dismissal. The propriety of this dismissal is the sole issue before us.

The pertinent history of the case is as follows: It was first set for trial on May 6, 1952, and later postponed to January 19, 1954. This was followed by negotiations toward settlement. Further delay was occasioned by the fact that plaintiffs were required to obtain new counsel after their then attorney took office as County Judge in 1957. The case was again set for trial on December 16, 1958. This trial date was postponed at the request of defendant's attorney. On this occasion plaintiffs' attorney wrote the court as follows:

"Regardless of whether or not Mr. Enos files motions, I would like to have this matter disposed of some time in the month of January, providing, of course, it is convenient to the Court. I would appreciate your consider-

ing this as a motion for setting, but a day can be set aside to dispose of any motions and/or a pre-trial conference."

Upon motion of plaintiffs, the trial court again set the case for trial — this time on April 28, 1959, but no attorney appearing on behalf of the town it was vacated.

The record indicates that a trial date for June 11, 1959, was later vacated at the request of defendant's attorney and both parties joined in a stipulation to that effect. Another notice for trial was given by plaintiffs and another order setting a trial date was entered. Again defendant's attorney did not appear at the hearing and the court set the trial for June 14, 1960. On June 8, 1960, six days before the final trial date, defendant filed its motion to dismiss for failure to prosecute under Rule 41 (b) (1), R.C.P. Colo. This was the first occasion such motion was filed. The pertinent paragraph of the motion reads as follows:

"That no action has been taken in this cause since the Fall of 1953, by any of the parties hereto, until the month of December 1957, when J. Fred Schneider, as the attorney for C. L. Thomas, one of the Petitioners, attempted to enter his appearance herein, and that this court should now dismiss this action for lack of prosecution, upon the ground that Petitioners, and each of them, have been guilty of gross laches and inexcusable delay and neglect in prosecuting the same and that by the afore-mentioned stipulation the above entitled civil cause is dismissed or should have been dismissed."

The trial court granted this motion and in ruling thereon noted as follows:

"It seems to me that the inexcusable and unreasonable delay was from the filing of the motion on October 16, 1953, by respondent, to dismiss the supplemental answer of respondent, the Town of Greenwood Village, and nothing whatever was done to prosecute the petition until the entry of the appearance of Mr. Schneider on November 27, 1957, over four years. I don't think there

has been any testimony that has been introduced at all which would explain any reason or any excuse for delay. So the Court will grant the motion to dismiss upon the ground that there was unreasonable and inexcusable negligence and delay from those two dates on the part of the prosecution thereon, and, it being a continuing matter, the Court is of the opinion that the dismissal should be without prejudice, granting petitioners the right to file a new one, if they see fit."

During the hearing on defendant's motion the court commented as follows:

"The only thing before the Court now is whether the lapse of four years, with no action taken or no explanation being given for the lack of action, whether the Court should dismiss upon that. The Court is inclined to grant the motion on that basis. Now, I don't like to put anybody out of Court, if you can show some explanation for no action in the four years."

■ It is well established that it is within the sound discretion of the trial court to decide whether there has been a failure to prosecute warranting dismissal. See *Yampa Valley Coal Company v. Velotta* (1928), 83 Colo. 235, 263 Pac. 717, and 5 Moore's Federal Practice, page 1036. It has also been held that the burden is upon the plaintiff to prosecute a case in due course and without unusual delay, *Koon v. Barmettler* (1956), 134 Colo. 221, 301 P. (2d) 713.

■ Although a trial court has inherent power to dismiss a case for want of prosecution, such power is not unlimited, and should not be exercised where the record shows, as here, that both parties nursed the case along with the court's approval. See *Rawleigh Co. v. Spencer* (1941), 58 Ariz. 182, 118 P. (2d) 674. In such circumstances it is an abuse of discretion to order a dismissal. The history of the case as outlined above discloses a reasonable excuse for the delay. *Johnson v. Westland Theatres, Inc.* (1947), 117 Colo. 346, 185 P. (2d) 932. Moreover, as the record indicates, any laches on the part of

plaintiffs was waived by defendant, and by its conduct in the matter it is estopped to urge dismissal under the rule cited, *Rawleigh,* supra; *Kujicj v. Lilliel* (1953), 127 Mont. 125, 260 P. (2d) 383, 387.

Here there were three mitigating circumstances involved in the delay of the suit. First: as the record indicates, the parties were engaged in negotiation toward a settlement of the case during the period from early in 1954 to 1957. Passage of time alone does not, under such circumstances, show that the action has not been prosecuted with reasonable diligence. *Rawleigh,* supra. Second: plaintiffs were required to obtain new counsel in 1957, after their former attorney had been elected county judge. This occasioned permissible delay as counsel was required to familiarize himself with the facts and details of the case. Third: there is substantial evidence in the record indicating that defendant was equally responsible with plaintiffs for delaying trial of the action. As early as April 22, 1952, defendant filed a motion to postpone the trial on the ground "that each of the attorneys for the Town of Greenwood Village is occupied with other important matters upon the date of May 6, A.D. 1952, and that the earliest available date for such attorneys would be the fourth week in the month of June, A.D. 1952." Several of the later trial dates were vacated because defendant's counsel either requested postponement or failed to appear.

We also observe that the trial court based its dismissal on the conclusion that there was a failure to prosecute by plaintiff from October 1953 to November 1957. However, the dismissal of the action was on June 14, 1960, the date set for trial. There is ample evidence in the record showing that plaintiff was prepared, and in fact anxious, to prosecute the suit at that time, and was pressing for trial at the very time the motion to dismiss was entertained. To dismiss the suit because of alleged inactivity some three years prior to the final trial date, at which time plaintiffs were present and anxious to pre-

sent their case (*Johnson,* supra) and after defendant had acquiesced in and at times instigated the delays, was clearly an abuse of discretion.

The judgment is reversed and the cause remanded for trial at the earliest possible date.