No. 20793.

W. C. MIZAR AND DONALD NEALLEY, CO-PARTNERS *v.*
JOHN W. JONES.
(403 P.2d 767)

Decided July 6, 1965. Rehearing denied July 26, 1965.

536

KETTELKAMP, McGRATH & VENTO, for plaintiffs in error.

EVANS and PHELPS, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THE plaintiffs in error, W. C. Mizar and Donald Nealley, were the plaintiffs in the trial court and will be referred to as such. The defendant in error, John W. Jones, was the defendant in the trial court and will be referred to as such.

The plaintiffs brought this action seeking damages and rescission of a contract into which they had entered with the defendant. The defendant's motion, under Rule 41(b)(1), R.C.P. Colo., to dismiss the action because of the plaintiffs' failure to prosecute the case, was granted, and the plaintiffs seek reversal of that judgment. We agree with their position that the dismissal was erroneously entered.

The following is a chronology of the significant proceedings in the case: the complaint was filed on December 2, 1959; on February 2, 1960, the defendant moved for a bill of particulars and to separate the claims for relief; the motions were granted on May 31, 1960, and

an amended complaint and a bill of particulars were filed one year later on May 31, 1961; on June 8, 1961, the defendant filed his motion to strike the complaint and dismiss the action for failure to prosecute the case; and on August 16, 1961, the plaintiffs' attorney withdrew.

Nothing further was done by either party insofar as proceedings in court were concerned until plaintiffs' present attorneys entered their appearance on September 20, 1962. Defendant's motion to dismiss, filed in June 1961, was thereupon set and finally heard .on February 11, 1963. The order dismissing the action was entered on February 14, 1963.

Other proceedings took place during this period, but those outlined above are the significant ones. It should be noted that the defendant has never filed an answer in this action.

This chronology reveals two periods of inactivity: (1) from May 31, 1960, the date of the granting of the motion for bill of particulars, to May 31, 1961, the date of the filing of the bill of particulars and the amended complaint, and (2) from June 8, 1961, the date of the filing of the defendant's motion to dismiss the action, to September 20, 1962, the date of the appearance of the plaintiffs' present attorneys.

Although a trial court may dismiss an action for failure to prosecute, *Yampa Valley Coal Co. v. Velotta*, 83 Colo. 235, 263 Pac. 717, yet, it is worthy of note that courts do exist primarily to afford a forum to settle litigable matters between disputing parties. *Rudd v. Rogerson*, 152 Colo. 370, 381 P.2d 995. Therefore, where there are facts that serve as mitigating circumstances for the delay, as there are here, they should be considered by the court and dismissal denied upon such a showing. *Rudd v. Rogerson, supra; Cervi v. Town of Greenwood Village*, 147 Colo. 190, 362 P.2d 1050. The rules which permit a court to dismiss a case for inactivity are not meant to be rules of forfeiture, but

rather guides for the efficient and orderly administration of the courts.

The plaintiffs both testified that they had made fairly regular inquiries of their first attorney during 1960 as to the status of their case. The purpose of these inquiries was to see what he was doing on the matter, and to get him to proceed with it. In reply to their questions, he would state that he was working on it. However, in the latter part of 1960, they began to feel that he was not proceeding as expeditiously as they would like. Then, in February of 1961, he became ill for two or three months and was unable to work.

Shortly after he returned to his office in May of 1961, they decided to retain new counsel. After they were able to pay their first attorney, in August of 1961, he withdrew. The plaintiffs were unable to retain their present attorneys until September of 1962 because they lacked the necessary funds.

Under the circumstances, the facts show a reasonable excuse for the delays in prosecuting this action. Up to the time of the withdrawal of their first attorney, the plaintiffs themselves were diligent in their efforts to have this lawsuit tried. Their frequent attempts to spur him on to action reflected their earnest desire to get on with the case. That their attempts were unsuccessful should not inure to their disadvantage. Further delays occurred only because their financial situation was such as to render them unable to obtain an attorney. By the time the motion to dismiss for lack of prosecution was heard, the plaintiffs were ready and anxious to proceed and were not trying to delay the cause.

Furthermore, during the period from May 31, 1960, to May 31, 1961, the defendant filed no objections to the failure of the plaintiffs to comply with the court's order. After the plaintiffs' first attorney returned to work and filed the amended complaint and the bill of particulars, the defendant moved to dismiss the action.

He filed no answer; had he done so it would have immediately placed the case at issue.

 It is, of course, the plaintiffs' and not the defendant's burden to prosecute a case in due course; but we have said that under circumstances similar to those here, there should be a trial on the merits. *Rudd v. Rogerson, supra; Johnson v. Westland Theatres,* 117 Colo. 346, 187 P.2d 932.

 In the final analysis, courts have the responsibility to do justice between disputing parties, and one's day in court should not be denied except upon a serious showing of wilful default. Such is not the case here.

The judgment is reversed and the cause remanded with directions to proceed with the case.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS concur.