## No. 21195.

### Floyd L. Rathbun *v.* Everett H. Sparks and Western Oil Fields, Inc., a corporation.

(425 P.2d 296)

Decided March 13, 1967.    Rehearing denied April 10, 1967.

CLARENCE W. BUTTON, THOMAS K. HUDSON, ALICE LOVELAND, for plaintiff in error.

FRANK A. BRUNO, H. D. REED, for defendant in error Western Oil Fields, Inc.

PETERSON, EVENSEN AND MATTOON, for defendant in error Everett H. Sparks.

*En Banc.*

Opinion by FRANTZ, R.A.J.*

THIS is the latest chapter to come before this court in the continuing story of litigation involving Mr. Rathbun and Western Oil Fields, Inc. (Western). In it we find

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Rathbun suing Western and Mr. Sparks for some $5,000,000 in damages which are alleged to have been caused by an illegal conspiracy between them to keep certain corporate stock out of the possession and control of Rathbun.

Prior litigation in the federal courts resulted in the enforcement of an arbitration award purporting to settle the disputes between Rathbun and Western. Whether settlements thus previously compassed between the parties bar any present claims is an issue we find unnecessary to consider.

The present suit was filed by Rathbun's then attorneys on December 28, 1959 in the district court in Pueblo. After some preliminary skirmishes covering precisely two years, the matter became at issue on December 28, 1961. On April 20, 1962 depositions taken by Rathbun were filed with the court, and from that time until August 21, 1963 the civil docket book of the district court reflects no activity on Rathbun's behalf.

Approximately 15 months after Rathbun's attorneys filed their depositions, *i.e.*, on July 8, 1963, Western filed a motion to dismiss under Rule 12 of the trial court's rules, which reads as follows:

"Dismissal for Failure to Prosecute.

"The Clerk of this court shall from time to time report to the Judges such cases as may be pending in their respective Division in which *no progress has been made and entered of record for a period of one full year.* Thereupon it may be ordered that the Clerk give notice to the attorneys of record, if any, otherwise to the litigants, to appear and show cause why an entry of dismissal should not be made, which notice shall be served by mailing to the last known post office address of the party to be served. At any time within thirty days from the mailing of any such notice any attorney or litigant may appear and show cause in writing why such case should not be dismissed. Upon expiration of thirty days from the time of mailing any such notice,

the Clerk shall report to the Judge of the Division in which the case is pending whether any showing has been made in response to such notice, and, if no showing has been so made, said action shall forthwith be dismissed; or, if the showing made is, in the opinion of the Judge, insufficient to constitute a good reason for delay, the case may thereupon also be dismissed for failure to prosecute. Cases may also be dismissed under this rule by either of the parties in a case filing a motion to dismiss and serving forty-eight hours' notice upon the adverse party, or his attorneys of record, of the hearing of such motion."

After Western filed its motion to dismiss, two of Rathbun's attorneys of record filed statements advising the court that, while they were still attorneys of record, Rathbun had told them of his desire to obtain other counsel and that this arrangement was satisfactory to them provided they were paid for their services rendered. The court set December 9, 1963 as the hearing date for the motion to dismiss and no further activity on behalf of the plaintiff is reflected in the civil docket book until that date when Rathbun's present counsel entered their appearance and opposed the motion.

On October 3, 1963 Sparks filed his motion to dismiss for failure to prosecute. However, he specifically reserved a cross-claim on an alleged contract of indemnification for costs of the suit.

A hearing was held on the motions to dismiss on December 9, 1963, and Rathbun opposed them with his testimony and that of one of his attorneys. The tenor of this testimony was that although the civil docket book did not mirror it, Rathbun, as distinct from his attorneys, claimed he had diligently endeavored to go forward with his suit. Additionally, it was cited as an excusing factor that a backlog on the court docket had developed, due to the illness of one judge and the campaign for election of another. The attorney testified that Rathbun had been eager to proceed but that the failure

to progress was not the fault of any of the attorneys connected with the case.

Western and Sparks argued that Rathbun was guilty of laches and dilatoriness in not urging the attorneys that paraded through the case to prosecute the action. The reasons for delay, they said, were actually grounded in Rathbun's unwillingness to pay his attorneys. As for the court's ability and willingness to proceed, they point out that no effort whatsoever was made to set the matter for trial and that therefore the crowded docket cannot be blamed for any delays.

After hearing both testimony and argument, the court took the matter under advisement and on December 17, 1963 entered an order dismissing the suit. The court found:

". . . that even though some dissatisfaction may have arisen between plaintiff and some of his counsel, he was, from the commencement of this action to the present time, represented by one of his original counsel, and furthermore, if he desired additional counsel he had sufficient time to procure same.

"The court finds that the plaintiff has been guilty of laches and inexcusable delay in the prosecution of this action, and that said action should be dismissed as provided by Rule 12 of the Rules of the District Court of the Tenth Judicial District . . ."

The court specifically further found that certain of Rathbun's attorneys "had not been paid in the case." It would appear that the dismissal was with prejudice pursuant to R.C.P. Colo. 41 (b) (a).

Rathbun has now come to this court urging that in ruling adversely to him on the motions to dismiss the trial court abused its discretion. More specifically, it is urged that the record conclusively establishes that there was "activity" in the case at all times; that there were "negotiations" in the cases as late as June of 1963; and that other excuses offered by Rathbun are sufficient in law.

Mere "activity" in a case under Rule 12, as set out above, is not sufficient to protect against the motions to dismiss for failure to prosecute, for the rule refers to "progress" and not simply "activity." "Progress" is a particular type of activity. To "progress," according to Webster, is to "move forward." Clearly what is envisaged by the rule is progress in prosecuting to a conclusion some claim for relief. Hence, obviously, the rubric, "Dismissal for Failure to Prosecute."

A plaintiff who does not move forward with reasonable dispatch demanded by applicable rules of procedure can find no solace in the mere activity of his opponent unless it has somehow hindered his own ability to proceed. *Velotta v. Yampa Valley Coal Co.*, 83 Colo. 235, 263 Pac. 717; *Cervi v. Town of Greenwood Village*, 147 Colo. 190, 362 P.2d 1050.

Germane to the problem here is the observation of this court in the *Velotta* case, *supra*:

"... If a person starts the law in motion, and does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of a default, and a dismissal of the action. It is not contended here that any duty rested upon the defendant to take any affirmative actions, and, on principle, it was not his duty to make any move whatever, except such as the law required it to make in response to the steps of the plaintiff."

Thus, it is no excuse for Rathbun's failure to prosecute that Western's counsel moved to withdraw — a motion never pursued thereafter. See *Gulf Appliance Distributors v. Long*, 53 So.2d 706 (Fla.). The motion occasioned no delay for Rathbun, for he had made no attempt to proceed. The same is true for other "activity" in the case.

Nor can Rathbun successfully contend that the efforts of defendants' attorneys through informal conference to determine the cause of delay prior to moving for dismissal were themselves either a cause of delay or

"progress" under Rule 12. As we view the matter, it was simply a professional manner of proceeding with the case and we consequently find ourselves unable to attach to such conduct any vague notions of estoppel.

Turning now to the determination of the trial court ". . . that the plaintiff has been guilty of laches and inexcusable delay in the prosecution of this action," we cannot say, after careful study of the record, that the conclusion reached is erroneous. We cannot say that, as a matter of law, Rathbun either was or was not diligent. This conclusion was for the trial court to make within the radius of its sound discretion. *Johnson v. Westland Theaters*, 117 Colo. 346, 187 P.2d 932. We have been shown nothing—other than that the determination was contrary to Rathbun's desires — which indicates that the court in any way abused its discretion in ruling at it did. This being the case, we are constrained to approve the original determination.

Western's counterclaim against Rathbun did not figure in the determination made by the trial court and, so as far as we are aware, it has not been the subject of any attack. We therefore refrain from any consideration of its status.

As for Sparks' cross-claim against Western, the trial court specifically reserved this from the terms of its dismissal and with this we find no reason to take issue.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY not participating.