511 P.2d 910 (1973)
Mary L. KAPPERS and Jimmie L. Kappers, Plaintiffs-Appellants,
v.
Donn D. THOMAS and Douglas A. McKinnon, Defendants-Appellees.
No. 72-336.
Colorado Court of Appeals, Div. I.
April 10, 1973.
Rehearing Denied May 1, 1973.
Certiorari Denied July 30, 1973.
*911 Orville A. Kenelly, Colorado Springs, for plaintiffs-appellants.
Robert W. Hansen, Denver, Joseph J. Branney, Englewood, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
On November 28, 1969, plaintiff filed with the Arapahoe County District Court a complaint in tort. Within the time provided by the Colorado Rules of Civil Procedure, defendant entered a general denial. During the following twelve months no further proceedings appear of record.
On December 10, 1970, the clerk of the district court sent a notice of dismissal to plaintiff's attorney, advising him that the action would be dismissed with prejudice, pursuant to Rule XIII of the local rules, unless progress was made of record prior to the opening day of the January term. Thereafter, plaintiff's attorney moved, "in the interest of justice," to have the case retained on the docket, which motion was granted. Another twelve months then elapsed without further action.
On December 10, 1971, the clerk of the district court again sent a notice of dismissal to plaintiff's attorney, advising him that the action would be dismissed with prejudice unless progress was made of record. Plaintiff's attorney did not respond to this notice, and on January 18, 1972, the action was dismissed. Thereafter, plaintiff's attorney filed a motion for reinstatement and as a grounds therefore alleged that he failed to answer the second notice due to a serious illness. The trial court denied this motion from which plaintiff appeals. We affirm.
Plaintiff first contends that the delay in prosecuting this matter was justifiable and that, therefore, the court could not properly conclude that there had been a willful default on the part of the plaintiff as required by the rule set forth in Smith v. Bott, 172 Colo. 301, 472 P.2d 137.
The only fact which plaintiff's attorney alleges as being progress in this matter after the complaint was filed, is the taking of the defendant's deposition on August 25, 1971, some twenty-one months after the filing of the complaint. Although plaintiff's attorney contends that part of this unexplainable delay was caused by defendant's counsel, he offered no proof of this contention. From the record on plaintiff's motion for reinstatement, we cannot determine if there were, in fact, a mutual delay, and therefore, the ruling in Cervi v. Greenwood, 147 Colo. 190, 362 P.2d 1050, is distinguishable. Nor is there any indication in the record that plaintiff herself was insistent about the prosecution of this matter as in Mizar v. Jones, 157 Colo. 535, 403 P.2d 767. Rather, we conclude that this is a case, unlike any of those cited above, where there is no explanation whatsoever for the delay, and that there was a sufficient showing to satisfy the requirement of willful default. This being so, we perceive no abuse of discretion by the trial court in dismissing the complaint, and conclude that it was a proper case for dismissal with prejudice. Yampa Valley Coal Co. v. Velotta, 83 Colo. 235, 263 P. 717. See C.R.C.P. 41(b).
Plaintiff next contends that the illness of plaintiff's attorney, which purportedly made it impossible for him to respond to the second notice of dismissal, should be considered a mitigating circumstance. This action was not dismissed for failure to respond to this notice. It was dismissed for failure to take any significant action in the prosecution of the case for over two years, and the reasons for dismissal did not change when the notice of dismissal went unheeded.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.