**BA LEASING CORPORATION,**
**Plaintiff-Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO and Martin E. Risch, Henry F. Shriver and Lee R. Woolsey, in their capacities as members of the Board of Assessment Appeals of the State of Colorado, and the Board of Equalization of the County of Arapahoe and John Nicholl, Charles Pitts and Thomas Eggert, in their capacities as members of the Arapahoe County Board of Equalization and the County Commissioners of Arapahoe County, and Allen Black, in his official capacity as the Assessor of Arapahoe County, and Paul Wolf, in his capacity as Treasurer of Arapahoe County, and the County of Arapahoe, a political subdivision of the State of Colorado, Defendants-Appellees.**

**No. 82CA0042.**

Colorado Court of Appeals,
Div. III.

Sept. 9, 1982.

Gorsuch, Kirgis, Campbell, Walker & Grover, Stephen Klein, Ann E. DeVine, Vicki J. Fowler, Denver, for plaintiff-appellant.

Peter Lawrence Vana, III, James E. Heiser, Littleton, for defendants-appellees.

J.D. MacFarlane, Atty. Gen., Billy Shuman, Sp. Asst. Atty. Gen., Denver, for defendant-appellee Bd. of Assessment Appeals of the State of Colo.

KELLY, Judge.

Pursuant to § 39–8–108(2), C.R.S.1973 (1981 Cum.Supp.) and § 24–4–106(4), C.R.S. 1973 (1981 Cum.Supp.), plaintiff, BA Leasing Corporation, sought review in the district court of a tax assessment decision made by defendant Board of Assessment Appeals. More than one year after the filing of the complaint, the Arapahoe County defendants moved to dismiss the action for failure to prosecute pursuant to C.R. C.P. 41(b)(1). Plaintiff appeals the trial court's dismissal of the action. We affirm.

■ Plaintiff contends that the trial court erred in failing to make fact findings as required by C.R.C.P. 41(b)(1). However, the rule requires fact findings only if there has been a trial and the court has rendered judgment against the plaintiff on the merits. Thus, although the trial court did not make fact findings here, there was no error.

■ The decision whether there has been a failure to prosecute which warrants dismissal lies within the sound discretion of the trial court. *Cervi v. Town of Greenwood Village,* 147 Colo. 190, 362 P.2d 1050 (1961). The burden is on the plaintiff to prosecute a case in due course and without unusual delays. *Cervi, supra.* In this case, plaintiff slept on its rights for over a year without even filing in the district court the record of the proceedings before the Board. In the absence of mitigating circumstances, this period of inaction is sufficient to justify dismissal of the action.

■ Plaintiff argues that its diligent attempt to resolve assessment questions in another action concerning the 1980 tax year mitigates its failure to act in this case, which concerns the 1979 tax year. How-

ever, movement in another case is irrelevant to this one. The reasons stated by plaintiff as justification for not dismissing the action constitute "a bare conclusion that is insufficient to establish why there had been no action during the preceding year." *Radinsky v. Karras*, 511 P.2d 953 (Colo.App. 1973) (not selected for official publication).

■ Plaintiff's contention that defendant must show it was prejudiced is also without merit. It is unnecessary for the party moving to dismiss to show inconvenience or injury suffered by reason of the delay because the law presumes injury from unreasonable delay. *Yampa Valley Coal Co. v. Velotta*, 83 Colo. 235, 263 P. 717 (1928). Where, as here, defendant has shown unreasonable delay and plaintiff has failed to show mitigating circumstances, the trial court correctly granted defendant's motion to dismiss for failure to prosecute.

The judgment is affirmed.

PIERCE and KIRSHBAUM, JJ., concur.