Ronald E. **RICHARDSON** and Darlene **Richardson, Plaintiffs-Appellants,**

v.

**John L. McFEE, M.D., Defendant-Appellee.**

No. 83CA0942.

Colorado Court of Appeals, Div. I.

May 31, 1984.

Rehearing Denied June 28, 1984.

Bragg & Dubofsky, P.C., John W. Hornbeck, Boulder, for plaintiffs-appellants.

Montgomery, Little, Young, Campbell & McGrew, P.C., William H. ReMine, III, Englewood, for defendant-appellee.

TURSI, Judge.

Plaintiffs, Ronald E. and Darlene Richardson, appeal from the trial court's order dismissing their complaint with prejudice for failure to prosecute. We affirm.

In November 1978, plaintiffs filed an action against defendant, John L. McFee, M.D., seeking damages resulting from alleged negligent medical treatment received in November 1976. Defendant died several months after the complaint was filed. In October 1979, plaintiffs' attorney withdrew from the case, and in February 1980, plaintiffs' new attorney filed an entry of appearance with the trial court. Trial dates were set and were twice continued pursuant to stipulated agreements of the parties. However, after the last continuance plaintiffs failed to reset a date for trial.

After nineteen months of inactivity, the trial court sent notice advising that if the parties did not show cause why the action should not be dismissed on or before February 1, 1983, the action would be dismissed without further notice pursuant to C.R.C.P. 121 § 1–10. The trial court sent the notice to the attorneys of record, and to the plaintiffs. Plaintiffs did not respond to the notice to show cause. On February 19, 1983, plaintiffs' complaint was dismissed with prejudice pursuant to the rule.

On May 16, 1983, plaintiffs moved for reinstatement of their complaint. In an accompanying affidavit, plaintiffs' attorney of record stated that he had not received the trial court's notice to show cause. In addition, he stated that in July 1982, plaintiffs had retained an attorney from Wichita to represent them in the action. However, the Wichita attorney did not enter his appearance with the trial court. Based upon plaintiffs' motion, the trial court ordered reinstatement of the complaint.

Defendant moved to set aside the trial court's order of reinstatement. Thereafter, plaintiffs' attorney of record discovered that he had in fact received the trial court's notice, and that he had sent a letter to plaintiffs' attorney in Wichita informing him of the notice. Plaintiffs filed an amended motion to reinstate on the ground that their attorney in Wichita had not received the letter informing him of the trial court's notice to show cause.

The trial court set aside its order of reinstatement, and in a written order, stated that plaintiffs' complaint had been reinstated based upon their attorney of record's assertion that he had not received notice to show cause. However, it being acknowledged that notice had in fact been received, the trial court reinstated its order dismissing with prejudice.

On appeal, plaintiffs contend that dismissal with prejudice is improper under C.R.C.P. 121 § 1–10, and that the trial court abused its discretion in dismissing their complaint with prejudice.

C.R.C.P. 121 § 1–10 provides that a trial court, on its own motion, "may dismiss any action not prosecuted with due diligence, upon 30 days' notice in writing to each attorney of record and each appearing party not represented by counsel, or require the parties to show cause in writing why the case should not be dismissed." The rule also provides that if a case has not been set for trial, then "no activity of record in excess of 12 continuous months shall be deemed prima facie failure to prosecute." Failure to show cause as required by the trial court warrants dismissal without further proceedings. And, dismissal under the rule "shall be without prejudice unless otherwise specified by the court." Thus, in the discretion of the trial court, a

dismissal under the rule may be with prejudice.

In *BA Leasing Corp. v. Board of Assessment Appeals,* 653 P.2d 80 (Colo. App.1982), we held that where there has been an unusual delay in prosecuting an action, prejudice to the defendant will be presumed. Therefore, in the absence of mitigating circumstances, an unusual delay in prosecuting an action justifies dismissal with prejudice.

Here, plaintiffs argue that dismissal with prejudice is improper because their attorney in Wichita had not been informed of the pending dismissal. The trial court, however, sent notice of dismissal to the plaintiffs and to their attorney of record. There is no evidence that plaintiffs themselves attempted to protect their interests in the action. And, any absence of notice to an attorney not appearing of record does not suffice as a mitigating circumstance. *See Kappers v. Thomas,* 32 Colo.App. 200, 511 P.2d 910 (1973).

Plaintiffs further argue that progress was being made in the action as their Wichita attorney had been engaging in settlement negotiations with defendant's attorney. However, settlement negotiations do not constitute "progress" in the prosecution of an action. *Rathbun v. Sparks,* 162 Colo. 110, 425 P.2d 296 (1967). Further, there is no evidence indicating that plaintiffs' failure to respond to the trial court's show cause order was in any way caused by activity of defendant's attorney. The trial court complied with the requirements of C.R.C.P. 121 § 1–10.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.