Lou Ann ROSSI, Plaintiff-Appellant,

v.

Thomas J. MATHERS and Michael Mathers, d/b/a Mathers Cafe and Lounge, and Robert Julian Nottingham, Defendants-Appellees.

No. 85CA1363.

Colorado Court of Appeals,
Div. IV.

June 4, 1987.
Rehearing Denied Aug. 13, 1987.
Certiorari Denied Feb. 22, 1988.

William C. Hibbard, Steamboat Springs, Dennis W. Hartley, P.C., Dennis W. Hartley, Colorado Springs, for plaintiff-appellant.

Pryor, Carney & Johnson, P.C., Friedrick C. Haines, Englewood, for defendant-appellee Robert J. Nottingham.

Thomas C. Thornberry, Craig, for defendants-appellees Thomas J. Mathers and Michael Mathers, d/b/a Mathers Cafe and Lounge.

HODGES *, Justice.

Plaintiff, Lou Ann Rossi, appeals from the trial court's dismissal of her action with prejudice for failure to prosecute. We affirm.

In December 1981, plaintiff brought this wrongful death action against defendants, Thomas J. Mathers and Michael Mathers, d/b/a Mathers Cafe and Lounge, and Robert J. Nottingham, M.D., in connection with the death of her husband nearly two years earlier. Plaintiff sought damages based on the alleged dram shop liability of the Mathers defendants and the allegedly negligent medical treatment provided by Nottingham. Nottingham filed his answer in January 1982, and the Mathers defendants filed their answer in April 1982.

In February 1983, pursuant to a local rule and C.R.C.P. 121(b) § 1–10, the trial court issued an order notifying the parties to show cause in writing why the case should not be dismissed for failure to prosecute with due diligence. Pursuant to this

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

order, the case was dismissed without prejudice, but after plaintiff filed her response to the show cause order it was reinstated. In her response, plaintiff asserted that she had recently taken defendant Nottingham's deposition and would be scheduling additional depositions of other physicians, and that she anticipated that discovery would be completed within six months.

More than two years later, the case still had not been set for trial, and in June 1985, both defendant Nottingham and the Mathers defendants filed motions to dismiss for failure to prosecute with due diligence. In response, plaintiff asserted that discovery had been ongoing in the matter and that substantial discovery activities had taken place within the previous twelve months.

The record in connection with these motions indicates that the last deposition was taken in July 1984. It further shows that plaintiff responded to the Mathers defendants' October 1984 request for admissions in February 1985, but had not yet responded to their October 1984 interrogatories and request for production of documents. Also, plaintiff still had not disclosed to defendant Nottingham the information he had requested in interrogatories in 1982 concerning the medical expert plaintiff expected to call as an expert witness at trial. In fact, in explaining her continuing failure to disclose this information, plaintiff claimed to have only recently found such an expert in May 1985, but even then plaintiff acknowledged that she had not yet retained this expert.

In July 1985, pursuant to C.R.C.P. 121(b) § 1–10 and Fourteenth Judicial District Rule 18, the trial court dismissed the action with prejudice for failure to prosecute. Later, the trial court also denied plaintiff's motion to reconsider the dismissal, finding that plaintiff had not shown that the delay in her prosecution of this case was caused by any inactivity of defendants.

On appeal, plaintiff contends that the trial court abused its discretion in dismissing this action for failure to prosecute. We disagree.

■ The determination of whether to dismiss an action for failure to prosecute with due diligence lies within the sound discretion of the trial court. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340 (Colo.1985). The burden is on the plaintiff to prosecute a case in due course without unusual or unreasonable delay. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra; BA Leasing Corp. v. Board of Assessment Appeals*, 653 P.2d 80 (Colo. App.1982). Thus, in the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, an unusual delay in prosecuting an action justifies dismissal with prejudice. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra; Richardson v. McFee*, 687 P.2d 517 (Colo.App.1984).

■ Under the record before us, we cannot say that the trial court abused its discretion in dismissing this action. Here, more than three years after plaintiff commenced this action, she still did not definitely have a medical expert who would testify at trial, and her failure to respond completely to defendants' longstanding discovery requests prevented the case from being set for trial. *See* Fourteenth Judicial District Rule 4. Moreover, defendants had no obligation to prod plaintiff into action, and the trial court rejected plaintiff's claim that defendants' inactivity had somehow hindered her prosecution of the case. *See Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra; Rathbun v. Sparks*, 162 Colo. 110, 425 P.2d 296 (1967). Defendants also did not need to show that they were prejudiced by the delay; prejudice to the defendants is presumed from the unusual delay. *Richardson v. McFee, supra; BA Leasing Corp. v. Board of Assessment Appeals, supra.*

Furthermore, plaintiff failed to make a sufficient showing in the record that she herself was diligent regarding the prosecution of this action to establish that dismissal was an abuse of discretion. Although plaintiff's motion for reconsideration contained the conclusory assertion that she had constantly inquired about the status of the case to her attorneys, plaintiff made no showing of specific facts indicating any

diligent efforts on her part to move the case forward over the years following commencement of the action. Under these circumstances, we perceive no abuse of discretion in the trial court's ruling. *See Rathbun v. Sparks, supra; Kappers v. Thomas*, 32 Colo.App. 200, 511 P.2d 910 (1973).

We do not agree with plaintiff's assertion at oral argument that *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo. 1986) dictates a reversal because the court did not follow in detail the criteria outlined in that case. The record reveals that the trial court gave consideration to whether the delay was caused by excusable neglect, whether the plaintiff has alleged a meritorious claim for relief, and whether relief from the dismissal of her complaint is consistent with considerations of equity. *See Craig v. Rider*, 651 P.2d 397 (Colo.1982). Hence, in our view, the trial court's dismissal is not contrary to the pronouncement in *Buckmiller*.

Plaintiff also contends that the trial court erred in basing its dismissal in part on Fourteenth Judicial District Rule 18, arguing that this local rule is inconsistent with the statewide practice standard set forth in C.R.C.P. 121(b) § 1–10. Although we note the asserted inconsistency, we find it of no significance here.

Under C.R.C.P. 121(b) § 1–10, the time period for which no activity appearing of record is deemed prima facie failure to prosecute is twelve months, while Fourteenth Judicial District Rule 18 reduces this time period to six months. However, the standard for determining a motion to dismiss for failure to prosecute under both of these rules is whether the action has been prosecuted "with due diligence." *See also* C.R.C.P. 41(b) (using same standard).

Here, although certain "activity" was shown in the record within six months of the motions for dismissal, thereby eliminating the presumption of a failure to prosecute under both rules, the trial court's dismissal of the action nevertheless was justified under both rules by plaintiff's failure to establish that she was prosecuting the case diligently.

Judgment affirmed.

STERNBERG and SILVERSTEIN*, JJ., concur.