Concerning the Application for Water Rights of Donna Joyce Streu and the Board of County Commissioners of Lake County, Colorado, in the Arkansas River and its Tributaries, in Lake and Chaffee Counties.

Donna Joyce STREU, Applicant–Appellant

and

The Board of County Commissioners of Lake County, Applicant

v.

The CITY OF COLORADO SPRINGS, through its enterprise, COLORADO SPRINGS UTILITIES; City of Aurora; Board of Water Works of Pueblo; Twin Lakes Reservoir and Canal Company; U.S. Forest Service; Arkansas River Outfitters Association; City of Salida; Upper Arkansas Water Conservancy District; Marsha A. Chivers; The Estate of Warren Cureton; Van W. Cureton; Richard H. Cureton; Steven J. Witte; Dick Wolfe; Christopher J. Kobylarz; and Southeastern Colorado Water Conservancy District, Opposers–Appellees.

No. 09SA251.

Supreme Court of Colorado, En Banc.

Sept. 20, 2010.

Law Office of William F. Smith, P.C., William F. Smith, Salida, Colorado, Attorney for Applicant–Appellant.

City of Colorado Springs, Mark D. Shea, General Counsel's Division, Colorado Springs, Colorado, Attorney for Opposer–Appellee the City of Colorado Springs, through its enterprise, Colorado Springs Utilities.

Duncan, Ostrander & Dingess, P.C., John M. Dingess, Patricia A. Madsen, Denver, Colorado, Attorneys for Opposer–Appellee City of Aurora, acting by and through its Utility Enterprise.

Carlson, Hammond & Paddock, LLC, William A. Paddock, Mary Mead Hammond, Karl D. Ohlsen, Denver, Colorado, Attorneys for Opposers–Appellees Board of Water Works of Pueblo and Twin Lakes Reservoir and Canal Company.

United States Department of Justice, Eric Holder, Attorney General, James J. Dubois, Assistant Attorney General, Environment and Natural Resources Division, Denver, Colorado, Sambhav N. Sankar, Assistant Attorney General, Environment and Natural Resources Division, Washington, D.C., Attorneys for Opposer–Appellee U.S. Forest Service.

Moses, Wittemyer, Harrison and Woodruff, P.C., James R. Montgomery, Boulder, Colorado, Attorney for Opposers–Appellees Arkansas River Outfitters Association and City of Salida.

Felt, Monson & Culichia, LLC, Christopher D. Cummins, Colorado Springs, Colorado, Attorney for Opposers–Appellees Marsha A. Chivers, The Estate of Warren Cureton, Van W. Cureton and Richard H. Cureton.

John W. Suthers, Attorney General, Patrick E. Kowaleski, Natural Resources Section, Denver, Colorado, Attorneys for Opposers–Appellees Steven J. Witte and Dick Wolfe.

Burns, Figa & Will, P.C., Stephen H. Leonhardt, Alix L. Joseph, Hilary A. Anderson, Greenwood Village, Colorado, Attorneys for Opposer–Appellee Southeastern Colorado Water Conservancy District.

No Appearance by or on behalf of Upper Arkansas Water Conservancy District and Christopher J. Kobylarz.

Justice BENDER delivered the Opinion of the Court.

In this appeal, applicant Donna Streu asks us to review the water court's decision to dismiss her case for failure to prosecute under Colorado Rules of Civil Procedure 41(b)(2) and 121, section 1–10.[1] We hold that the water court did not abuse its discretion when it dismissed Streu's case because, under the circumstances, it did not act in a manifestly arbitrary or unreasonable manner and did not exceed the bounds of its rationally available choices. Hence, we affirm.

## I. Facts and Proceedings Below

Streu initially filed a complaint in Lake County District Court seeking to quiet title to certain lands in Lake County, Colorado. She also sought to quiet title to a series of water rights associated with that land. On December 20, 2006 the district court found that the water court had exclusive jurisdiction to determine Streu's water claims and ordered her to file an application in water court within sixty days. The sixty-day period expired on February 18, 2007.

On April 18, 2007, two months after the February 18 deadline, Streu filed this case in water court. Among other things, she sought a decree voiding two previous court

---

1. We review the water court's decision pursuant to Article VI, section 2 of the Colorado Constitution and section 13–4–102(1)(d) of the Colorado Revised Statutes (2010), which excludes from the court of appeals' jurisdiction any appeals from final judgments of district courts in "[w]ater cases involving priorities or adjudications."

determinations of abandonment.[2] Notice of Streu's application was published in May 2007, and twelve parties filed statements of opposition. The water court issued an order establishing the at-issue date as August 14, 2007, and it required the parties to comply with the presumptive case management order set forth in Rule 11(b) of the Uniform Local Rules for all State Water Court Divisions ("Water Court Rules"). Accordingly, the parties had a duty to confer and exchange information by August 29, 2007. On that date, counsel for the opposers attempted to contact Streu but learned that Streu's counsel had changed firms without providing notice or new contact information to the court or to the opposers.

The presumptive case management order then required Streu to submit mandatory disclosures under C.R.C.P. 26(a) by September 13, 2007. Streu submitted her disclosures thirty-three days late, on October 16, 2007. She did not file a motion for extension of time to submit late disclosures, and she failed to explain the reasons for the delay.

After filing these initial disclosures, Streu neither filed any pleadings with the water court nor took any further action with respect to her case for seventeen months. The presumptive case management order required Streu to set a trial date by October 15, 2007 and to submit a certificate of compliance by October 29, 2007.[3] Streu did not set the matter for trial, nor did she file a certificate of compliance.

Fifteen months after these deadlines passed, the water court issued a Notice of Dismissal for Failure to Prosecute and ordered Streu to show cause why her application should not be dismissed. The opposers filed motions to support dismissal. Streu filed a short brief opposing dismissal and attached two affidavits. Streu signed the first affidavit. It stated that she filed the initial quiet title action because she thought it would increase the sale value of her property. However, she "never anticipated [that] the cost and fees [of litigation] would keep increasing." Because she had other financial obligations, she therefore decided to sell her property.

Streu explained that it took several months to find a buyer, but she ultimately sold her property and water interests to Central Colorado Mining and Recreation, LLC ("CCMR"). An officer for CCMR signed the second affidavit. The officer stated that CCMR had purchased Streu's property on July 28, 2008 and had begun researching its rights and claims in this case. The officer stated that this process had taken "considerable time" but that CCMR was ready to litigate the case.

Nineteen months after the court-imposed deadline to set trial had passed, the water court dismissed Streu's case with prejudice. The water court did not make findings of fact or conclusions of law. In her appeal, Streu argues that the water court's dismissal was in error for two reasons. First, she asserts that the water court erred by dismissing her case without making findings of fact or conclusions of law. Second, she argues that the water court abused its discretion by dismissing her case.

## II. Rule 41(b) Did Not Require the Water Court to Make Findings of Fact or Conclusions of Law When It Dismissed for Failure to Prosecute

██ Streu argues that C.R.C.P. 41(b) required the water court to make findings of

---

2. Chaffee County District Court entered the first determination of abandonment on March 16, 1912. The water court entered the second determination of abandonment on May 11, 1987. The water rights at issue in this case have been the subject of much litigation over the years. *See, e.g., Se. Colo. Water Conservancy Dist. v. Twin Lakes Assocs., Inc.,* 770 P.2d 1231 (Colo.1989); *Se. Colo. Water Conservancy Dist. v. O'Neill,* 817 P.2d 500 (Colo.1991); *Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Trust,* 854 P.2d 167 (Colo.1993); *O'Neill v. Simpson,* 958 P.2d 1121 (Colo.1998).

3. Water Court Rule 11(b)(7) provides that the responsible attorney shall file a certificate of compliance no later than seventy-five days after the at-issue date. This certificate must state that the parties have complied with the requirements of Rule 11(b)(3)-(7) (with a few limited exceptions). If the parties have not complied with these requirements, the certificate must "identify the requirements which have not been fulfilled and set forth any reasons for the failure to comply. A request for a Case Management Conference shall be made at the time for filing the Certificate of Compliance."

fact and conclusions of law when it dismissed her case for failure to prosecute. The rule, however, provides otherwise.

Except as otherwise provided by statute or by the Water Court Rules, the Colorado Rules of Civil Procedure apply to water court proceedings. C.R.C.P. 81(a); *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 569 (Colo.2009). Under Rule 41(b), a water court may dismiss a case for the applicant's failure to prosecute. *Cornelius*, 202 P.3d at 569 (applying Rule 41(b) in the context of a water case); *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340, 1344–47 (Colo.1985) (same).

Rule 41(b) generally addresses the effects of an involuntary dismissal of a plaintiff's case. Rule 41(b)(1) addresses dismissals made upon motion by the defendant. Rule 41(b)(2) governs dismissals by the court absent motion by the defendant. Neither subsection requires the trial court to make findings of fact or conclusions of law when it dismisses a case for failure to prosecute.

Rule 41(b)(1) provides that, when a court renders a judgment "on the merits," it shall make findings of fact and conclusions of law according to C.R.C.P. 52(a). *See* C.R.C.P. 41(b)(1) ("If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."). Unless the court otherwise specifies, a dismissal under Rule 41(b) ordinarily operates as an adjudication on the merits. C.R.C.P. 41(b)(1).

Prior to 1987, Rule 41(b)(1) provided only three exceptions to the principle that dismissals under Rule 41(b) ordinarily operate as adjudications on the merits. The rule stated:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, *other than a dismissal for lack of jurisdiction, for failure to add a complaint under Rule 3, or for failure to join a party under Rule 19,* operates as an adjudication upon the merits.

C.R.C.P. 41(b)(1), C.R.S. (1973) (emphasis added). Dismissals for failure to prosecute were not listed among the exceptions. Accordingly, in a footnote to *Lake Meredith Reservoir Co.*, we concluded that "a dismissal for failure to prosecute under the rule 'operates as an adjudication upon the merits.'" 698 P.2d at 1343 n. 4 (quoting C.R.C.P. 41(b)(1), C.R.S. (1973)). Therefore, the old rule required a trial court to make findings of fact and conclusions of law when it dismissed a case for failure to prosecute.

Two years later, however, we amended Rule 41(b)(1) to provide that dismissals for failure to prosecute are *not* adjudications on the merits. *See* C.R.C.P. 41(b)(1), C.R.S. (1973) (1982 Cum.Supp.). The rule now reads:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a *dismissal for failure to prosecute,* for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

C.R.C.P. 41(b)(1) (emphasis added). We no longer consider dismissals for failure to prosecute to be adjudications on the merits. Consequently, under the current version of Rule 41(b)(1), the water court was not required to make findings of fact or conclusions of law when it dismissed Streu's case for failure to prosecute.[4]

Likewise, Rule 41(b)(2) does not require a trial court to make findings of fact or conclusions of law when it dismisses a case for failure to prosecute. This subsection provides that "[a]ctions not prosecuted or brought to trial with due diligence may be dismissed by the court with prejudice" provided that reasonable notice is given in accordance with C.R.C.P. 121, section 1–10. C.R.C.P. 41(b)(2). Rule 121, section 1–10(2) provides that a court must give the parties thirty days' notice to show cause why the

---

4. Although we subsequently amended Rule 41(b)(1) to provide that dismissals for failure to prosecute are not adjudications on the merits, our opinion in *Lake Meredith Reservoir Co.* re-

mains a leading case regarding the factors a court should consider when deciding whether to dismiss a case for failure to prosecute.

case should not be dismissed. Any such dismissal "shall be without prejudice unless otherwise specified by the court." C.R.C.P. 121, § 1–10(5). However, nothing in Rule 41(b)(2) or Rule 121, section 1–10 requires the court to make findings of fact or conclusions of law, irrespective of whether it has dismissed the case with or without prejudice.

### III. Whether the Water Court Abused Its Discretion

■ Next, we consider whether the water court abused its discretion when it dismissed Streu's case. Under these circumstances, we hold that it did not.

■ The decision to dismiss an action for failure to prosecute lies within the sound discretion of the water court. *Lake Meredith Reservoir Co.*, 698 P.2d at 1344. We review the water court's dismissal under an abuse-of-discretion standard. *Cornelius*, 202 P.3d at 569 ("A trial court's decision to dismiss for failure to prosecute ... should not be overturned absent proof of the court's abuse of that discretion."); *see also Lake Meredith Reservoir Co.*, 698 P.2d at 1344. Under this standard, we reverse a trial court's determination only if it was "manifestly arbitrary, unreasonable, or unfair." *People v. Ibarra*, 849 P.2d 33, 38 (Colo.1993). It is not necessary that we agree with the trial court's decision. *In re Bueno*, 248 B.R. 581, 582–83 (D.Colo.2000) (explaining that under an abuse-of-discretion standard the trial court's reason "need not be one that is agreeable to the reviewing court"). The trial court's decision simply must not "exceed[ ] the bounds of the rationally available choices." *Big Sky Network Can., Ltd. v. Sichuan Provincial Gov't*, 533 F.3d 1183, 1186 (10th Cir.2008).

■ The plaintiff bears the burden of prosecuting a case "in due course without unusual or unreasonable delay." *Lake Meredith Reservoir Co.*, 698 P.2d at 1344; *see also* C.R.C.P. 41(b)(1); C.R.C.P 121, § 1–10. An unreasonable delay or lack of diligence in prosecution will justify dismissal, unless the plaintiff presents mitigating circumstances sufficient to excuse the delay. *Lake Meredith Reservoir Co.*, 698 P.2d at 1344; C.R.C.P 121, § 1–10.

■ We have articulated several nonexclusive factors that a court should consider when evaluating a motion to dismiss for failure to prosecute. These factors include: the length of the delay; the reason for the delay; any prejudice that may result to other parties; any difficulties in trying the case that may have resulted from the delay; and the extent to which the applicant has renewed efforts to prosecute the case. *Cornelius*, 202 P.3d at 570 (citing *Lake Meredith Reservoir Co.*, 698 P.2d at 1344–45); *see also Oversole v. Manci*, 216 P.3d 621, 623 (Colo.App.2009) (reciting same factors).

Based on the record before us, and considering the many factors that support dismissal, we cannot conclude that the water court acted in a manifestly arbitrary or unreasonable manner when it dismissed Streu's case with prejudice for failure to prosecute. Although we may disagree with the water court, its decision to dismiss under these circumstances does not exceed the bounds of its rationally available choices.

First, the seventeen-month delay far exceeded the time required to establish a prima facie case of failure to prosecute. *See* C.R.C.P. 121, § 1–10(3) (declaring that, before a case has been set for trial, a lack of "activity of record in excess of [twelve] continuous months shall be deemed prima facie failure to prosecute"). Our courts have affirmed dismissals for failure to prosecute following similar, and on occasion shorter, delays. *See Rathbun v. Sparks*, 162 Colo. 110, 112, 114, 425 P.2d 296, 297–98 (1967) (dismissing after fifteen-month delay); *In re Shapter's Estate*, 44 Colo. 547, 552, 99 P. 35, 37 (1908) (dismissing after seventeen-month delay); *Powers v. Prof'l Rodeo Cowboys Ass'n*, 832 P.2d 1099, 1103 (Colo.App.1992) (dismissing case with prejudice after case had "languished for a year" on the court's docket).

Because the opposition has established a prima facie case for failure to prosecute, Streu shoulders the responsibility to provide "a convincing explanation as to why the purported mitigating circumstances halted prosecution over the length of the delay, and why prosecution [can] now go forward." *Lake*

*Meredith Reservoir Co.*, 698 P.2d at 1347. Streu states that she stopped litigating this case for financial reasons. She explains that she filed her initial quiet title action to improve the sale value of her property, but she "never anticipated [that] the cost and fees [of litigation] would keep increasing." Because she had other financial obligations, she decided to stop litigating this case and sell the property.

Streu's explanation lacks persuasive force. She failed to establish whether she was financially unable to prosecute this action or whether she was simply unwilling to do so because the costs of litigation had begun to outweigh the benefits. *See Mizar v. Jones*, 157 Colo. 535, 538, 403 P.2d 767, 769 (1965) (considering the plaintiffs' inability to pay for a lawyer to be a mitigating factor "because [the plaintiffs'] financial situation was such as to render them unable to obtain an attorney").

Second, Streu's affidavit made conclusory statements and provided no specific financial information to support her claim of financial inability to prosecute. *See Powers*, 832 P.2d at 1103 (declining to credit plaintiff's claim that he was "financially unable to proceed" because "his assertion was unverified"); *Rossi v. Mathers*, 749 P.2d 964, 965–66 (Colo. App.1987) ("Although plaintiff's motion for reconsideration contained the conclusory assertion that she had constantly inquired about the status of the case to her attorneys, plaintiff made no showing of specific facts indicating any diligent efforts on her part to move the case forward...."). Streu claimed that she had "little money to expend on litigation in Colorado" and that it cost more than she had "available to prosecute the action." However, these statements fail to provide specific information—for example, the costs of litigation in relation to her income and assets—sufficient for the court to evaluate her claim of financial inability.

Third, Streu failed to explain why her financial inability required her to wait eight months after the sale of the property to notify the court of the transfer and to substitute CCMR as the applicant.

Similarly, CCMR's affidavit failed to offer a convincing explanation for its failure to act after acquiring the property. CCMR's affidavit stated that it took "considerable time to research land titles ... [and] to identify the primary areas of use of the decreed six water ditches [c]ited in the Application." CCMR does not explain, however, why it was necessary to finish this research before notifying the court of the transfer or requesting substitution. As explained, the applicant bears the burden of providing a convincing explanation for the delay. Neither Streu nor CCMR met this burden.

■  The lengthy delay in prosecution also prejudiced the opposers.[5] They invested time and money to answer Streu's application. They retained counsel, investigated Streu's claims, and filed timely responses before the proceedings came to a seventeen-month halt. *See Cornelius*, 202 P.3d at 571 (finding prejudice where "[m]any of the parties retained counsel at their expense in order to oppose Cornelius's applications" and where "[m]any of the Opposers therefore expended considerable energy and expense in opposing Cornelius's applications").

Neither Streu nor CCMR took steps to advance the litigation before the water court issued its order to dismiss. They did not attempt to set a trial date or request a new case management order. *See Rathbun*, 162 Colo. at 115–16, 425 P.2d at 298 (clarifying that mere "activity" in a case is insufficient; rather the plaintiff must show "progress" or that she has moved the case "forward"); *see also* 6 David R. DeMuro, *Colorado Practice Series: Civil Trial Practice* § 8.19 (2d ed. 2010) ("Taking action to set the case for trial after receiving a notice that the case may be dismissed for a failure to prosecute ... is the least a party should do if it wants to avoid dismissal."). Accordingly, neither Streu nor CCMR demonstrated a readiness to resume

---

5.  A showing of prejudice is not required to dismiss for failure to prosecute. *See BA Leasing Corp. v. Bd. of Assessment Appeals*, 653 P.2d 80, 82 (Colo.App.1982) ("It is unnecessary for the party moving to dismiss to show inconvenience or injury suffered by reason of the delay because the law presumes injury from unreasonable delay.") (citation omitted). Nevertheless, prejudice remains an important consideration. *See Lake Meredith Reservoir Co.*, 698 P.2d at 1347.

prosecution of the case after being notified by the court of a pending dismissal.

Finally, the record indicates that Streu failed to prosecute this case diligently since its inception. *See* C.R.C.P. 121, § 1–10(1) (permitting dismissal when an action has not been "prosecuted or brought to trial with due diligence"); *see also Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) (listing plaintiff's "history of dilatoriness" as a factor in reviewing dismissal for failure to prosecute); *Ball v. City of Chicago,* 2 F.3d 752, 759–60 (7th Cir.1993) (indicating that a decision whether to dismiss a suit for failure to prosecute should take "account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit"). The district court ordered Streu to file her application in water court by February 18, 2007. She filed this case two months late, on April 18, 2007. Streu also missed the first two deadlines set forth in the case management order. She did not exchange information with the opposers on August 29, 2007, and she filed her Rule 26 disclosures thirty-three days late. When she filed her Rule 26 disclosures, she failed to include a request for extension of time to file late disclosures, and she failed to explain the reason for the month-long delay.

### IV. Conclusion

We conclude that the circumstances in this case do not establish that the water court, when it dismissed with prejudice for failure to prosecute, did so in a manifestly arbitrary or unreasonable manner. Thus, the water court did not abuse its discretion, and we affirm its dismissal of the case.