Quinton R. MAXWELL,
Plaintiff-Appellant,

v.

W.K.A. INC., a Colorado corporation,
and Carl Wasinger, individually,
Defendants-Appellees.

Nos. 84CA0942, 84CA1156.

Colorado Court of Appeals,
Div. II.

May 1, 1986.

Rehearing Denied June 19, 1986.

Certiorari Denied Nov. 3, 1986.

Richard D. Gilson, Denver, for plaintiff-appellant.

Victor F. Crepeau, Kremmling, H. William Huseby, Denver, for defendants-appellees.

SMITH, Judge.

In this consolidated appeal concerning related actions, plaintiff appeals from a dismissal without prejudice entered in one action (the first case) and a summary judgment in defendants' favor entered in the other (the second case). We affirm the summary judgment and reverse the dismissal without prejudice.

On January 29, 1982, plaintiff initiated the first case by filing a complaint to collect on a note executed by defendants. On June 1, 1982, the trial court entered a default judgment in favor of plaintiff and against defendant. On September 22, 1982, at a hearing held pursuant to C.R.C.P. 69(d), defendants filed a motion to set aside the default judgment.

A hearing on the motion to set aside was held on April 5, 1983. However, plaintiff's attorney arrived after the hearing was over. The register of actions indicates that the court granted defendants' motion to set aside the default judgment, ordered defendants to prepare a written order within ten days, and ordered plaintiff to set the matter for trial within 30 days.

The trial court record contains two, apparently conflicting, orders dated April 8, 1983. Each consists of a typewritten order granting defendants' motion to set aside the default judgment, and ordering plaintiff to set the matter for trial within 30 days. On one copy, the body of the order is stricken through in pen, and in the upper right hand corner appear the handwritten words, "4/8/83, Denied, Raymond D. Jones." On the upper left hand corner is the handwritten notation "4/11/83, copies to attys, MN." On the other copy the text is the same, but it is not stricken out. On the signature line is typewritten, "s/Raymond Dean Jones, Judge." The order includes a certificate of mailing signed by counsel for the defendants.

On April 18, 1983, plaintiff filed a motion for new hearing, which was denied on April 20, 1983. On June 6, 1983, the trial court, on its own motion, dismissed the action without prejudice, for plaintiff's failure to set the matter for trial as required by the court's order of April 8, 1983. On June 23, 1983, defendants filed their answer.

On October 7, 1983, plaintiff filed a complaint in a new action, the second case, alleging identical causes of action to the first case. On October 13, 1983, defendants filed an answer in the second case, raising, among other defenses, the affirmative defense of the statute of limitations.

On December 2, 1983, plaintiff filed a motion to reopen the first case. That mo-

tion was denied on January 31, 1984. On February 15, 1984, plaintiff filed a motion for rehearing, and an amended motion to reopen. The court granted the motion to reopen on March 9, 1984, and ordered plaintiff to set the first case for trial.

Trial was set for August 1, 1984. On July 24, 1984, the trial court *sua sponte* again dismissed the first case without prejudice, because both parties had failed to file trial data certificates as required by C.R.C.P. 121 § 1–18. On August 7, 1984, plaintiff filed a motion to reconsider, which was denied on August 20, 1984.

Meanwhile, in the second case, on May 24, 1984, the court granted defendants' motion for summary judgment of dismissal. The court did so based on its conclusion that the second case was barred by the statute of limitations. On June 8, 1984, plaintiff filed a motion to reconsider, and a motion to amend the complaint filed in the second case to include an independent equitable action to set aside the judgment in the first case pursuant to C.R.C.P. 60(b). Both motions were denied on June 19, 1984. Plaintiff appealed the dispositions entered in both actions to this court, and the appeals were consolidated.

On appeal, plaintiff contends that the trial court abused its discretion when it dismissed the first case without notice for failure of both parties to file trial data certificates; that the court erred when it granted defendant's summary judgment motion in the second case, and refused plaintiff permission to amend his complaint; and that the court erred when it changed its original order of April 8, 1983, and set aside the default judgment.

Defendants argue that the trial court lost jurisdiction over the first case when it first dismissed that action in June of 1983 for failure to set the matter for trial, and that plaintiff lost his right to appeal when he failed timely to file a motion to reconsider that ruling.

I

## JURISDICTION TO REOPEN

The first issue to be addressed is whether the trial court retained jurisdiction to reopen the first case after it initially dismissed it without prejudice for plaintiff's failure to set the matter for trial.

C.R.C.P. 41(b)(2) governs the trial court's power to dismiss actions for failure to prosecute. It provides that: "[A]ctions not prosecuted or brought to trial with due diligence may be dismissed with prejudice after reasonable notice by the court pursuant to rules adopted by it." C.R.C.P. 121 § 1–10(2), effective July 1, 1982, replaced the local rules which once governed dismissal for failure to prosecute. It provides for dismissal on the court's own motion only upon providing 30 days written notice to all parties and an opportunity to show cause in writing why the action should not be dismissed.

■ While the question of what constitutes sufficient failure to proceed to warrant dismissal rests in the trial court's discretion, *BA Leasing Corp. v. Board of Assessment Appeals*, 653 P.2d 80 (Colo. App.1982), it is error for the court to dismiss where neither party has sought a dismissal, and there is no notice or hearing on whether there is justifiable cause for dismissal. *Schleining v. Estate of Sunday*, 163 Colo. 424, 431 P.2d 464 (1967); *Levine v. Colorado Transportation Co.*, 163 Colo. 215, 429 P.2d 274 (1967).

■ Plaintiff's motion to reopen, while not so denominated, was essentially a motion pursuant to C.R.C.P. 60(b). C.R.C.P. 60(b) grants the trial court the power to reopen a dismissed action for any reason justifying relief from the operation of a judgment. Here, the fact that the dismissal was erroneously entered without complying with the notice requirements of C.R.C.P. 41(b)(2) and C.R.C.P. 121 § 1–10(2) is sufficient reason to justify relief. *See Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974).

II

## THE FIRST CASE

The issue as to the disposition of the first case is the propriety of the trial court's

second dismissal of it based upon the failure of both parties to file trial data certificates.

■ C.R.C.P 121 § 1–18(1) requires that each party shall file a trial data certificate no later than 45 days prior to the date set for trial. Compliance with the rule is mandatory, and the court may impose any appropriate sanction for noncompliance. However, in order for the court to dismiss an action on its own motion as a sanction for failure to perform any duty imposed by law, including the filing of a trial data certificate, it must first comply with the requirements of C.R.C.P. 41(b) and C.R. C.P. 121 § 1–10(2).

■ Here, the court erred in two respects. First, it failed to comply with the requirement that it afford plaintiff with notice and an opportunity to show cause before it dismissed the action. *See* C.R. C.P. 41(b) and C.R.C.P. 121 § 1–10(2). Moreover, it was an abuse of its discretion for it to impose a sanction for *both* parties' failure to file trial data certificates which was detrimental only to plaintiff, and benefited the equally noncomplying defendants.

■ Plaintiff also argues that the trial court erred when it, in effect, modified its order of April 8, 1983, denying defendants' motion to set aside the default judgment to granting it without notice to plaintiff or a new hearing.

The record reflects that plaintiff was mailed two orders: one a denial of the motion to set aside signed and mailed by the court; and the other apparently granting that motion, but with a typed facsimile of the court's signature and mailed not by the court, but by opposing counsel. Plaintiff was justifiably confused. However, the conflicting mailings do not reflect a modification of the trial court's order requiring notice to plaintiff, but rather an administrative error. Furthermore, any resulting prejudice to the plaintiff was rectified when the court reinstated the first case, after the initial dismissal for failure to set the matter for trial.

III

THE SECOND CASE

■ Plaintiff finally objects to the trial court's entry of summary judgment for defendants in the second case, and its denial of his motion to amend that complaint to include an independent equitable action to set aside the judgment of dismissal entered in the first case. We affirm the judgment entered in the second case, not on the grounds stated in the order but rather on the basis that the issues addressed in that case and in the motion to amend, relative to it, were moot.

Here, by the time plaintiff attempted to amend the complaint in the second case to add an independent equitable action challenging the disposition entered in the first case, plaintiff's C.R.C.P. 60(b) motion filed in the first case had been granted, and that case had been reopened and set for trial. Therefore, the trial court had already granted the relief plaintiff sought by the motion to amend and the issues pled were already set for trial. Hence, the result effected by the judgment entered in the second case was the correct one.

The most recent judgment of dismissal in the first case is reversed (Court of Appeals No. 84CA1156) and the cause is remanded to the trial court with directions to reinstate and set the matter for trial. The summary judgment entered in the second case (Court of Appeals No. 84CA0942) is affirmed.

BERMAN and VAN CISE, JJ., concur.