Jong M. KOH, Plaintiff–Appellant,

v.

Anant KUMAR, M.D. and Denver Orthopedic Clinic, P.C., Defendants–Appellees.

No. 08CA1004.

Colorado Court of Appeals, Div. IV.

Feb. 19, 2009.

As Modified on Denial of Rehearing March 19, 2009.

Thomas J. Tomazin, P.C., Thomas J. Tomazin, Greenwood Village, Colorado, for Plaintiff–Appellant.

Wheeler Trigg Kennedy, LLP, Kevin J. Kuhn, Kara J. Rosenthal, Denver, Colorado, for Defendant–Appellee Anant Kumar, M.D.

No Appearance for Defendant–Appellee Denver Orthopedic Clinic, P.C.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Opinion by Judge RICHMAN.

Plaintiff, Jong M. Koh, appeals the district court's judgment dismissing his complaint for failure to prosecute under C.R.C.P. 121 section 1–10. We reverse the judgment and remand the case for further proceedings.

This case involves Koh's medical malpractice claim against defendants, Anant Kumar, M.D. and Denver Orthopedic Clinic, P.C. Kumar answered the complaint on May 7, 2007. Denver Orthopedic Clinic, P.C. was served with the complaint, but apparently did not file an answer. On May 30, 2007, Koh filed a reply to Kumar's affirmative defenses.

The parties did not file any other document with the district court before the court sua sponte dismissed the case on March 27, 2008, for failure to prosecute with due diligence under C.R.C.P. 121 section 1–10. The court found that no document had been filed for more than nine months and that "no progress [had] been made toward prosecuting or otherwise resolving this matter." The court concluded that "[s]uch lack of due diligence constitutes a failure to prosecute."

Koh moved for relief from the order under C.R.C.P. 60, but filed this appeal before the court ruled on his motion. On appeal, Koh contends that the district court erred in dismissing his complaint for failure to prosecute without following the procedural requirements of C.R.C.P. 41(b)(2) and 121 section 1–10. We agree.

C.R.C.P. 41(b)(2) provides: "Actions not prosecuted or brought to trial with due diligence may be dismissed by the court with prejudice after reasonable notice by the court and in accordance with Rule 121, section 1–10." Under C.R.C.P. 121 section 1–10(2), a court may sua sponte dismiss a case that has not been prosecuted with due diligence. The rule further provides that if the case has not been set for trial, no activity of record "in excess of 12 continuous months" is deemed prima facie failure to prosecute. C.R.C.P. 121 section 1–10(3). Nonetheless, the rule also provides that such dismissal may be entered only after giving "30 days' notice in writing to each attorney of record and each appearing party not represented by counsel" or after requiring the parties to "show cause

in writing why the case should not be dismissed." C.R.C.P. 121 section 1–10(2). The rule also states: "Failure to show cause on or before the date set forth in the court's notice shall justify dismissal without further proceedings." C.R.C.P. 121 § 1–10(4). The committee comment notes that the rule contains "sufficient safeguards ... to permit retention on the docket if cause for the delay and interest in the case [are] shown," which we understand to refer to the thirty-day advance notice provision and the opportunity to show cause before dismissal.

■ Compliance with the notice requirements of C.R.C.P. 41(b)(2) and 121 section 1–10 is required before a court may dismiss an action. *In re Custody of Nugent,* 955 P.2d 584, 588–89 (Colo.App.1997). A court errs when it sua sponte dismisses a complaint without providing the parties with thirty days written notice and an opportunity to show cause in writing why the action should not be dismissed. *See Maxwell v. W.K.A. Inc.,* 728 P.2d 321, 323–24 (Colo.App.1986).

■ Here, the court dismissed Koh's complaint without first giving any of the parties thirty days written notice as required by C.R.C.P. 121 section 1–10(2). Such notice would have allowed Koh the opportunity to show cause why the case should not be dismissed. We also note that while the court's order found nine months of no activity, twelve months of no activity is required under C.R.C.P. 121 section 1–10(3) to establish a prima facie case of failure to prosecute. We therefore reverse the order of dismissal and we remand the case to the district court to reinstate the complaint.

■ In reaching this result, we specifically reject Kumar's argument that the court's pro forma delay reduction order, entered on January 18, 2005, supplied the notice required under C.R.C.P. 121 section 1–10. Part I of the court's delay reduction order directs a plaintiff to take certain steps to avoid delay, including making service of process, moving for default judgment if appropriate, and serving a notice to set for trial after the case becomes "at issue." It further provides that the court may dismiss the case without prejudice if a party fails to comply with part I of

the order. The order further states that it is the *initial notice* required by C.R.C.P. 41(b)(2) and 121 section 1–10.

We conclude that a delay reduction order, such as the one entered here, does not suffice to provide the notice required under C.R.C.P. 121 section 1–10. The order here was not proximate to the time of the dismissal order, it does not allow Koh an opportunity to show cause for the delay as contemplated by section 1–10, and it expressly contemplates a further notice under that section. Moreover, in this case, the dismissal order does not reference a failure by Koh to comply with any of the three specific requirements of part I of the delay reduction order.

The judgment is reversed, and the case is remanded to the district court to reinstate the complaint. This order is without prejudice to defendant's right to file a motion to dismiss for lack of prosecution.

Judge WEBB and Judge FURMAN concur.