2012 COA 32
**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert Keith RAY, Defendant–Appellant.**

**No. 07CA0561.**

Colorado Court of Appeals, Div. A.

March 1, 2012.

Rehearing Denied April 5, 2012.

John W. Suthers, Attorney General, Catherine P. Adkisson, Deputy Solicitor General, Denver, Colorado; Carol Chambers, District Attorney, John Hower, Chief Deputy District Attorney, Emily Warren, Deputy District Attorney, Ann Tomsic, Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellee.

Elisabeth Hunt White, Boulder, Colorado; Johnson & Brennan, PLLC, Gail K. Johnson, Boulder, Colorado; The Noble Law Firm,

LLC, Antony M. Noble, Lakewood, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

¶ 1 Five years ago, Robert Keith Ray was sentenced to prison for attempted murder, first degree assault, and accessory to murder.[1] He promptly appealed, but he has yet to file his opening brief.

¶ 2 After lodging his appeal, Ray obtained eight extensions of time to file the record. Then, after the record was transmitted, he filed five separate motions to supplement or complete the record. Those motions were all granted (thus delaying the briefing schedule).

¶ 3 In 2011, Ray requested a limited remand to settle and supplement the record. That motion too was granted, and the case was returned to the trial court. The court ably discharged its duties: it defined the scope of the remand order; it received evidence and argument about the items that Ray proposed to include in the record; and it issued written findings and conclusions.

¶ 4 Ray then filed a motion in this court seeking clarification and further direction in the remand proceedings. After reviewing Ray's motion, the People's response, and the trial court's findings, we ordered the parties to appear for oral argument.

¶ 5 We now rule on Ray's motion. We first provide guidance about the process of supplementing and correcting the record. We then address a list of items that Ray would like to include in the record. We decide that some of these items should be included, while others should not. We conclude by discharging the limited remand and recertifying this appeal.

### I. Supplementing and Correcting the Record

¶ 6 If a party believes that the appellate record is incomplete or inaccurate, it must correct the deficiency under C.A.R. 10.[2] Two subsections govern the process.

### A. C.A.R. 10(e)

¶ 7 Rule 10(e) allows the parties to supplement the record with "anything material" (i.e., anything relevant to the issues on appeal) that was omitted by error or accident. It also allows the parties to correct material misstatements:

*Correction or Modification of the Record.*

If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.

C.A.R. 10(e).

¶ 8 The rule contemplates quick, direct action to cure omissions and misstatements. Under the rule, the parties and the trial court may act without first obtaining a limited remand. See C.A.R. 10(e) ("[T]he trial court, either before or after the record is transmitted to the appellate court ... may direct that the omission or misstatement be corrected ...."); *see also Molitor v. Anderson*, 795 P.2d 266, 268 (Colo.1990) ("[T]rial courts by necessity retain jurisdiction to aid the parties to an appeal in their efforts to perfect the record of the trial court proceedings.").

---

1. Later, in a separate case, Ray received a death sentence. The relationship between the two cases is set forth in *People v. Ray*, 252 P.3d 1042, 1044–45 (Colo.2011).

2. Compliance is mandatory. A party cannot correct a deficiency by other means, such as (1) attaching new material to the notice of appeal, *see, e.g., Fleet v. Zwick*, 994 P.2d 480, 483 (Colo. App.1999); (2) attaching new material to the briefs, *see, e.g., Johnson v. Colorado State Bd. of Agriculture*, 15 P.3d 309, 311 (Colo.App.2000); or (3) making statements in the briefs, *see, e.g., McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo.App. 2004).

¶ 9 If the record contains a material omission or misstatement, the parties should proceed as follows:

1. The parties should first determine whether they can agree about the nature of the deficiency and the appropriate corrective action. If the parties agree, they should send a stipulation to the trial court. After approving the stipulation, the court should certify the corrected or supplemental record and transmit that material to the court of appeals. (If the court does not approve the stipulation, it should inform the parties and conduct further proceedings to resolve the matter.)

2. If the parties do not agree, they should ask the trial court to resolve the dispute. If the court concludes that the record contains a material omission, it should order that the record be supplemented to cure that omission. And if the court concludes that the record contains a material misstatement, it should correct the record to "conform to the truth." The court then should certify the corrected or supplemental record and transmit that material to the court of appeals.

3. If a party is dissatisfied with the trial court's decision, it may seek relief in the court of appeals. We will defer to a trial court's resolution of disputed facts in correcting the record. *See United States v. Mori*, 444 F.2d 240, 246 (5th Cir.1971) (absent a showing of "intentional falsification or plain unreasonableness," the trial court's correction of the record "is conclusive").[3] But other determinations—for example, whether information was omitted by error or accident, or whether a hearing is necessary—will be reviewed for abuse of discretion. *See United States v. Kelly*, 535 F.3d 1229, 1241 n. 10 (10th Cir.2008) (reviewing the trial court's order to supplement the record for abuse of discretion).

### B.  C.A.R. 10(c)

¶ 10 If a material transcript is unavailable, the parties must proceed under C.A.R. 10(c):

*Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 14 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

C.A.R. 10(c).

¶ 11 The parties should first determine whether they can agree on a statement about the unrecorded evidence or proceedings. If the parties cannot agree, the trial court must settle the matter under the rule. The court's resolution of conflicting accounts will be reviewed as a finding of fact. *See United States v. Keskey*, 863 F.2d 474, 478 (7th Cir.1988) (citing *Mori*, 444 F.2d at 246).

### C.  Remands and Stays

¶ 12 As noted, the parties need not obtain a limited remand before conducting proceedings under C.A.R. 10. But they should notify the appellate court whenever they are attempting to correct or supplement the record. *See LaFollette v. Savage*, 68 F.3d 156, 157 (7th Cir.1995) (affirming the partial dismissal of an appeal, in part because the appellants failed to notify the appellate court that the record was being supplemented). Either party may request a stay of proceedings under C.A.R. 27 if it appears that the corrections or modifications will take substantial time (because, for example, the

---

**3.** Because Fed. R.App. P. 10(e) is similar to C.A.R. 10(e), the federal cases are instructive. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002)

(when Colorado's rule is similar to the federal rule, we may look at federal authority for guidance).

record contains many flaws that will require reconstruction under C.A.R. 10(c)).

¶ 13 In exceptional circumstances, courts may allow the record to be supplemented or corrected late in the appellate process. See *People v. Wolfe*, 9 P.3d 1137, 1140 (Colo.App.1999) (appellate court may permit correction of the record after an opinion has issued). But in most cases, late motions will fail. Courts can fairly expect the parties to correct deficiencies in the record before they file their principal briefs. See *People v. Saathoff*, 837 P.2d 239, 241 (Colo.App.1992) (motion was appropriately denied, in part because counsel "failed to explain why the asserted deficiencies in the record had not been noticed during the preceding 14 months"); see also *State v. Hopper*, 695 S.W.2d 530, 538 (Tenn.Crim.App. 1985) (motion to supplement, filed one day before oral argument, was appropriately denied as untimely).

### D. Scope of C.A.R. 10 Proceedings

¶ 14 It is possible, under C.A.R. 10(e), to supplement the record with an item that was omitted by an error attributable to counsel. (This could occur, for example, if appellant's counsel accidentally failed to designate and request a relevant transcript.) But C.A.R. 10 does not allow a party to add information that counsel failed to develop (or otherwise make available) in the trial court. Thus, the parties cannot use C.A.R. 10(c) to "reconstruct" proceedings that never occurred. Nor can they use C.A.R. 10(e) to cure "omissions" by adding items that were never placed before the trial court. See *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1011–12 (6th Cir. 2003) (denying request to supplement the record with four documents that were not available to the trial court when it ruled); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir.2000) (denying request to sup-

plement the record with an affidavit that was never placed before the trial court); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir.1982) (rejecting items that were added to the record by stipulation).[4]

### II. Items Requested

¶ 15 Ray asks that we order the trial court to supplement or clarify the record in several ways. We grant some of his requests but conclude that other requests lie outside the scope of C.A.R. 10.

### A. Requests Granted

¶ 16 We grant two of Ray's requests.

**1.** *Proceedings on October 13, 2006.* Ray asks that the record be supplemented with both a partial transcript and a C.A.R. 10(c) statement of events that occurred on October 13, 2006. We grant that request as follows:

- Because the partial transcript contains events that occurred during jury selection, we are satisfied that it is material to the appeal and that it was omitted by error or accident. We therefore order the trial court to certify the transcript as a supplement to the record on appeal and to send that transcript to this court.

- The parties agree that the partial transcript does not reflect all the events that occurred on October 13. And they stipulate that Ray has submitted an accurate account of the proceedings on that day. We therefore direct the trial court to settle and approve Ray's statement under C.A.R. 10(c).

**2.** *Comments about juror-staff interaction.* Before trial, the court indicated that it would caution jurors about communicating with court staff. Ray now asks that the record be supplemented with the court's comments to the jurors. It is undisputed

---

4. Some appellate courts have recognized their own inherent authority to consider materials that were never placed before the trial court (and thus could not be added to the record under the rules). *See, e.g., Kennedy*, 225 F.3d at 1192; *Ross v. Kemp*, 785 F.2d 1467, 1474 n. 12 (11th Cir.1986). We do not decide whether we have such inherent authority because this case does not involve the kind of special circumstance that would warrant its exercise. *See Inland Bulk Transfer*, 332 F.3d at 1013 ("We will not allow Inland Bulk to supplement the record pursuant to any inherent equitable power this court may have. Even assuming such a power exists, we do not find any special circumstances present that would justify its exercise here.").

that, if the comments were delivered (either orally or in writing), they would be material to the appeal and would have been omitted from the record by error or accident. We therefore direct the court to determine, as a matter of fact, whether such comments were delivered. If the court determines that such comments were delivered, it shall reconstruct the substance of those comments. (If the court determines that such comments were never delivered, it shall enter findings to that effect.) The court's determinations shall then be certified and transmitted as a supplement to the record.

### B. Requests Denied

¶ 17 We deny Ray's remaining requests.

¶ 18 1. Order about unrecorded bench conferences. Ray submitted a written account of various unrecorded bench conferences. After receiving the People's response, the trial court adopted Ray's account "as amended by the prosecution's statement concerning [one particular conference]."

¶ 19 Ray now seeks clarification of the trial court's order. We deny that request and further decline to supplement the record with any reconstructed bench conference. The transcripts show that trial counsel could have had any bench conference recorded upon request. Under these circumstances, we cannot conclude that the unrecorded conferences were "omitted from the record by error or accident," within the meaning of C.A.R. 10(e).

¶ 20 2. Judicial opinion. Before trial, Ray filed a motion asking the court to follow the publicity guidelines set forth in a published judicial opinion. The motion did not cite to the opinion; instead, it referred to the opinion as an attachment. However, the trial court found that the opinion was never attached to Ray's motion. In light of that finding, we conclude that the opinion lies outside the scope of C.A.R. 10.

¶ 21 3. Security measures. Ray objected to certain courtroom security measures (on the ground that such measures would adversely affect the jury's impression of him). He asked that defense investigators be allowed to take photographs of the securi-

ty measures for the record. The court granted this request, but the photos were never submitted to the trial court.

¶ 22 Ray now asks that the court be ordered to "reconstruct" the security measures that were in place during trial. We deny this request. The information lies outside the scope of C.A.R. 10.

¶ 23 4. Photographs of courtroom. At trial, Ray objected that the courtroom was too small. (Ray was concerned that the jury was too near the prosecution's advisory witnesses, and he suggested that the limited seating effectively deprived him of a public trial.) The court ruled that Ray could make a record by photographing the courtroom. However, the photos never were placed into the record.

¶ 24 Ray now asks that the record be supplemented with photographs of the courtroom. We deny this request. Because the photos were never placed before the trial court, they cannot now be added under C.A.R. 10.

¶ 25 5. Unrecorded contact between court staff and jurors. Ray asks that the trial court be ordered to "reconstruct" all unrecorded instances of interaction between jurors and court staff. We deny that request. The purported reconstruction is nothing more than an attempt to create new evidence; it lies outside the scope of C.A.R. 10.

¶ 26 6. Sealed documents. At trial, Ray filed a "Notice of Intent to File Documents Under Seal" to support his motion for a continuance. However, Ray never filed those documents.

¶ 27 Ray now asks that he be given time to locate the sealed documents so that they can be added to the record. We deny that request. Even if the documents can be located, they cannot be added under C.A.R. 10(e).

¶ 28 7. Order allowing removal of exhibits. In November 2006, after the jury returned its verdict, but before sentencing, the trial court issued an order allowing the People to remove exhibits for use in a codefendant's trial. Ray now asks that the rec-

ord be supplemented with the minute order granting the People's request. He also asks that the trial court be ordered to determine, as a matter of fact, whether it held a hearing before allowing the People to remove the exhibits. We deny these requests because Ray has failed to show that the information is material to this appeal.

## III.  Conclusion

¶ 29 We direct the trial court to undertake the actions set forth in part II.A of this order. Because the trial court has continuing jurisdiction to aid in this appeal, a remand is unnecessary. We therefore discharge the limited remand and recertify this appeal. Any further stay of the briefing schedule must be requested by an appropriate motion under C.A.R. 27.

Judge TAUBMAN and Judge HAWTHORNE concur.