23CA1072 Farrow v CDOC 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1072 Las Animas County District Court No. 18CV28 Honorable Pierce L. Fowler, Judge Michael Farrow, Plaintiff-Appellant, v. Executive Director of the Colorado Department of Corrections and Warden of Trinidad Correctional Facility, Defendants-Appellees. JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE SCHOCK J. Jones and Welling, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Michael Farrow, Pro Se Philip J. Weiser, Attorney General, Andrew M. Katarikawe, Senior Assistant Attorney General, Friedrick C. Haines, Senior Litigation Counsel & Assistant Solicitor General, Denver, Colorado, for Defendants-Appellees
1 ¶ 1 Plaintiff, Michael Farrow, an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the dismissal of his C.R.C.P. 106.5 action against defendants, the Executive Director of the DOC and the Warden of the Trinidad Correctional Facility, for review of a prison disciplinary action. We reverse the judgment and remand the case for further proceedings. I. Background ¶ 2 This is Farrow’s third appeal in his nearly six-year effort to seek judicial review of a July 2018 prison disciplinary action against him for failure to work. Farrow filed a C.R.C.P. 106.5 complaint for judicial review of that disciplinary conviction in December 2018. In each of the first two appeals, divisions of this court reversed the district court’s judgments disposing of Farrow’s complaint and remanded the case for further proceedings. ¶ 3 First, the district court dismissed the complaint for failure to exhaust administrative remedies. But on appeal, the division noted that there was a factual dispute on that point that the district court had failed to resolve. Farrow v. CDOC, slip op. at ¶¶ 12-14 (Colo. App. No. 19CA1302, Jan. 21, 2021) (not published pursuant to C.A.R. 35(e)). So the division remanded for factual findings and an 
2 evidentiary hearing, if necessary, on whether Farrow timely filed an administrative appeal. The district court found that he had. ¶ 4 The district court then affirmed the disciplinary action on the merits based largely on exhibits Farrow submitted with his opening brief in the district court. A division of this court again reversed because the district court did not follow the procedures set forth in C.R.C.P. 106.5. Farrow v. CDOC, slip op. at ¶ 12 (Colo. App. No. 21CA1038, May 19, 2022) (not published pursuant to C.A.R. 35(e)). The division ordered the district court to (1) require defendants to file an answer to the complaint and a certified record; (2) set a briefing schedule; and (3) resolve the case on the merits after considering the certified record and the parties’ briefs. Id. at ¶ 14. ¶ 5 On remand, defendants filed the certified record and an answer to the complaint. The district court then set a briefing schedule, which required Farrow to file a brief by September 5, 2022, and defendants to file a response thirty-five days later. 
3 ¶ 6 On October 5, 2022, with no brief having been filed by Farrow,
1 the district court sua sponte entered a minute order stating, “Due to briefs not being filed by Mr. Farrow as ordered on July 25, 2022, this case is now closed.” The minute order is not signed, and there is no indication it was ever served on Farrow. ¶ 7 On November 16, 2022, apparently without knowledge of the minute order closing the case, Farrow filed a motion to disqualify the district court judge and change the venue. The district court did not rule on that motion. According to Farrow, he learned of the minute order sometime after filing the motion for disqualification. ¶ 8 On April 3, 2023, Farrow filed a motion for relief from judgment under C.R.C.P. 60. Among other things, he argued that the district court erred by dismissing the case without complying with the notice provisions of C.R.C.P. 121, section 1-10(2). He also claimed that he had filed a timely motion seeking an extension of 1 Farrow asserts that on August 31, 2022, he filed a combined motion objecting to the certified record, requesting supplementation of the record, and requesting an extension of his opening brief deadline and a stay of the proceedings until the record issues were resolved. But no such motion appears in the district court record, and our review is confined to the record before the district court. See McCall v. Meyers, 94 P.3d 1271, 1272 (Colo. App. 2004). 
4 the briefing deadline and a stay of the proceedings, see supra ¶ 6 n.1, and that he had not received notice of the dismissal order. At the same time, Farrow filed a motion for production of records. ¶ 9 On May 17, 2023, the district court denied Farrow’s Rule 60 motion. It noted that the case had been dismissed on October 5, 2022, for failure to prosecute because Farrow had not timely filed his opening brief and that C.R.C.P. 60 did not provide a basis for relief. The court therefore concluded that “[t]he court’s dismissal of this action on October 5, 2022, shall remain in full force and effect.” It denied Farrow’s motion for production of records as moot. ¶ 10 Farrow filed a notice of appeal on June 22, 2023. In the notice of appeal, Farrow designated both the October 5 minute order and the May 17 order as the orders being appealed. II. Timeliness of Notice of Appeal ¶ 11 We must first address defendants’ argument that we lack jurisdiction to review the district court’s dismissal of the action because Farrow did not file his notice of appeal within forty-nine days of the October 5 minute order. Defendants contend, albeit implicitly, that the minute order was a final, appealable order that started the clock for filing the notice of appeal. We disagree. 
5 ¶ 12 A notice of appeal must be filed within forty-nine days after entry of the judgment or order being appealed. C.A.R. 4(a)(1). The “[f]ailure to file a timely notice of appeal deprives this court of jurisdiction, precluding review on the merits.” Amada Fam. Ltd. P’ship v. Pomeroy, 2021 COA 73, ¶ 73. But “[a] final judgment is a jurisdictional prerequisite to review on appeal.” Brody v. Bock, 897 P.2d 769, 777 (Colo. 1995); see also People in Interest of E.B., 2022 COA 120, ¶ 14. A judgment is not final until it has been reduced to writing and dated and signed by the district court. C.R.C.P. 58(a); In re Marriage of Sorensen, 166 P.3d 254, 256 (Colo. App. 2007). ¶ 13 The district court’s October 5 minute order was not a final appealable judgment because it was not written, dated, and signed by the district court. See Kidwell v. K-Mart Corp., 942 P.2d 1280, 1281-82 (Colo. App. 1996) (holding that unsigned minute order did not constitute a final appealable judgment). It was simply entered in the court’s register of actions with no accompanying document. ¶ 14 The first time the dismissal was memorialized in a written, dated, and signed document was the May 17 order denying Farrow’s Rule 60 motion. Thus, the dismissal became final at that 
6 time. Because Farrow filed his notice of appeal within forty-nine days of that order, we have jurisdiction to review the dismissal. III. Dismissal for Failure to Prosecute ¶ 15 Among other things, Farrow argues that the district court erred by dismissing the case for failure to prosecute without giving him the notice required by C.R.C.P. 121, section 1-10(2). We agree. ¶ 16 A district court may sua sponte dismiss a case that has not been prosecuted with due diligence. C.R.C.P. 41(b)(2); C.R.C.P. 121, § 1-10(2). But before doing so, the court must give the parties thirty-five days’ written notice or require the parties to show cause in writing why the case should not be dismissed. C.R.C.P. 121, § 1-10(2); Koh v. Kumar, 207 P.3d 900, 901 (Colo. App. 2009). These procedural safeguards “permit retention [of the case] on the docket if cause for the delay and interest in the case [are] shown.” Koh, 207 P.3d at 901 (quoting C.R.C.P. 121, § 1-10 cmt.) ¶ 17 Compliance with these notice requirements is mandatory. Id. Thus, while a district court has discretion to decide what constitutes a failure to prosecute warranting dismissal, it reversibly errs when it sua sponte dismisses a complaint without giving the parties thirty-five days’ written notice or an opportunity to show 
7 cause why the action should not be dismissed. Id.; see also Streu v. City of Colorado Springs ex rel. Colo. Springs Utils., 239 P.3d 1264, 1266, 1268 (Colo. 2010) (holding that water court did not abuse its discretion by dismissing case for failure to prosecute where it first issued a notice of dismissal for failure to prosecute and ordered the plaintiff to show cause why the case should not be dismissed); Maxwell v. W.K.A. Inc., 728 P.2d 321, 323 (Colo. App. 1986) (holding that failure to comply with notice requirements before dismissal for failure to prosecute warrants C.R.C.P. 60(b) relief). ¶ 18 The district court made clear in its May 17 order that the case was dismissed for failure to prosecute. Yet the court did not provide Farrow with written notice before that dismissal. Nor did it give Farrow an opportunity to show cause in writing why the case should not be dismissed. Indeed, Farrow asserts (and asserted in his Rule 60 motion) that, if it had, he would have explained that he did not file a brief because he believed he had properly sought a stay. We express no opinion as to the validity of that explanation. 
8 But under C.R.C.P. 121, section 1-10(2), the district court was required to allow Farrow the opportunity to give it.
2 ¶ 19 To the extent defendants suggest that the briefing schedule order provided the required notice, we disagree. Although that order set a deadline for Farrow’s brief, it gave no indication that the case might be dismissed if Farrow missed that deadline. See Koh, 207 P.3d at 901-02 (holding that a delay reduction order did not satisfy C.R.C.P. 121, section 1-10(2) where it was not proximate to the dismissal order, did not allow the plaintiff to show cause for the delay, and contemplated further notice). Nor had Farrow, at that point, failed to prosecute the action with due diligence. To the contrary, the briefing order was issued just one week after the mandate in Farrow’s second successful appeal. ¶ 20 Given the length of time that the case had been pending and Farrow’s failure to file anything in response to the briefing order, the district court’s inclination to dismiss the case for failure to 2 Although the judgment was not final and appealable until the May 17 order, that order made clear that the district court considered the case dismissed as of October 5. Regardless, the district court did not comply with C.R.C.P. 121, section 1-10(2) before the May 17 order either. Farrow’s motion filed after the dismissal was not an opportunity to show cause why the case should not be dismissed. 
9 prosecute was understandable. See Streu, 239 P.3d at 1268 (noting that a court should consider, among other things, the length of the delay and the extent to which the party has “renewed efforts to prosecute the case”). And if it had followed the proper procedures, that decision would have been within its sound discretion. See id. But it erred by dismissing the case without first complying with the notice requirements in C.R.C.P. 121, section 1-10(2). See Koh, 207 P.3d at 901. We therefore reverse the dismissal order and remand the case to the district court to reinstate the complaint and proceed with the briefing contemplated by C.R.C.P. 106.5(i).
3 See id. IV. Farrow’s Other Arguments ¶ 21 Farrow raises various other arguments, including that the district court erred by (1) failing to follow this court’s remand instructions; (2) failing to rule on his motions related to the record; (3) failing to rule on his motion for disqualification and change of venue; and (4) denying his Rule 60 motion and motion for production while his motion for disqualification was pending. 3 If Farrow fails to file a brief as ordered on remand, the district court may exercise its discretion to dismiss the case for failure to prosecute, so long as it complies with C.R.C.P. 121, section 1-10(2). 
10 ¶ 22 Because we are reversing the dismissal of the case, we do not consider Farrow’s other challenges to the dismissal or the order denying his motion to set aside that dismissal. As to the district court’s failure to rule on certain motions, there is nothing for us to review. To the extent there are outstanding motions that have not yet been ruled on,
4 the district court can address those motions on remand. And while a district court must generally suspend the proceedings pending a ruling on a motion for disqualification, see C.R.C.P. 97, the initial order of dismissal had already been entered when Farrow filed his motion for disqualification. Moreover, it was Farrow who subsequently filed the additional motions requesting relief. See City of Trinidad v. Dist. Ct., 581 P.2d 304, 305-06 (Colo. 1978) (noting that party might waive disqualification by filing a motion to vacate while a motion for disqualification is pending). ¶ 23 Farrow also argues that this court violated his constitutional rights by ordering him to file an opening brief while the record was 4 We note that Farrow’s purported “multiple motions” concerning the record apparently include a “notice” he filed before the mandate was issued in his prior appeal and the August 31 motion he claims he sent, but which was never filed in the district court. Thus, it is not clear there was any such motion for the district court to rule on. 
11 incomplete. But Farrow apparently sought to supplement the record with documents that were not before the district court (including documents that postdate the disciplinary action). A party cannot use C.A.R. 10 to add items to the record that were not before the district court. People v. Ray, 2012 COA 32, ¶ 14. In any event, we have ruled in Farrow’s favor on the record before us.
5 V. Disposition ¶ 24 The judgment is reversed, and the case is remanded for further proceedings. JUDGE J. JONES and JUDGE WELLING concur. 5 To the extent Farrow challenges the omission of the October 5 minute order from the record on appeal, we have taken judicial notice of it. See Harriman v. Cabela’s Inc., 2016 COA 43, ¶ 64. We have also reviewed the prior appellate opinions in this case.