25CA1241 Aguilar Coronel v WHC 06-04-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1241
El Paso County District Court No. 23CV32224
Honorable David A. Gilbert, Judge

---

Carlos Aguilar Coronel,

Plaintiff-Appellant,

v.

WHC FTC, LLC d/b/a zTrip; WHC COS, LLC d/b/a zTrip; and Michael Artis,

Defendants-Appellees.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 4, 2026

---

Stoops Law Firm, Gabriel G. Stoops, Alexa N. Ryel, Denver, Colorado, for
Plaintiff-Appellant

White and Steele, PC, Keith R. Olivera, E. Catlynne Shadakofsky, Denver,
Colorado, for Defendants-Appellees

¶ 1 Plaintiff, Carlos Aguilar Coronel, appeals the district court's judgment dismissing his complaint against defendants, WHC FTC, LLC d/b/a zTrip; WHC COS, LLC d/b/a zTrip; and Michael Artis, for failure to prosecute. We reverse and remand the case with directions.

## I.    Background

¶ 2 On November 17, 2023, two days before the statute of limitations expired, Aguilar Coronel filed a complaint alleging that he was injured in a November 19, 2020, traffic accident caused by Michael Artis, a driver for zTrip.

¶ 3 In early May 2024, the district court issued a standardized delay prevention order directing Aguilar Coronel to file a notice to set a case management conference within fourteen days. The order warned Aguilar Coronel that the court may dismiss the case without prejudice and without further notice if he failed to comply. Aguilar Coronel filed a notice to set on May 15, 2024, stating that he would call the court the next day to obtain potential dates for the case management conference. Despite this, Aguilar Coronel failed to schedule the case management conference.

1

¶ 4     The next month, the district court issued a second delay prevention order, again ordering Aguilar Coronel to file a notice to set a case management conference within fourteen days. As before, the form order warned Aguilar Coronel that the court may dismiss the case without prejudice and without further notice if he failed to comply. Aguilar Coronel didn't take any action in response to the second order.

¶ 5     On August 5, 2024, the district court administratively closed the case but didn't issue an order of dismissal. More than eight months later, on April 16, 2025, Aguilar Coronel moved to reinstate the complaint. In his motion, Aguilar Coronel argued that the court improperly closed the case because, among other reasons, it didn't provide adequate notice under C.R.C.P. 41(b)(2) and C.R.C.P. 121, section 1-10. According to Aguilar Coronel, his counsel (1) called the court for dates on May 16, but the clerk was unavailable; (2) didn't receive the clerk's return message; and (3) misunderstood the second delay prevention order to be a duplicate of the first. He asked the court to reinstate the complaint because his delay wasn't unreasonable, the reason for delay didn't involve bad faith, any

prejudice to defendants was minimal, and he was committed to prosecuting the action without further delay.

¶ 6 The court denied the motion, explaining that it had "effectively dismissed" the case eight months earlier and the motion identified no "viable grounds" to reopen the case.

## II. Failure to Prosecute

¶ 7 Aguilar Coronel contends that the district court erred by denying his motion to reinstate because the delay prevention orders didn't satisfy the notice requirements of C.R.C.P. 41(b)(2) and C.R.C.P. 121, section 1-10. We agree.[1]

### A. Applicable Law and Standard of Review

¶ 8 A trial court may sua sponte dismiss an action "not prosecuted or brought to trial with due diligence." C.R.C.P. 41(b)(2); *see also* C.R.C.P. 121, § 1-10(2) (similar). No activity of record for more than twelve continuous months is

---

[1] We don't consider Aguilar Coronel's citations to unpublished decisions by divisions of this court. This court's policy prohibits citations to our opinions that aren't selected for official publication, with exceptions not applicable here. *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/ZQW2-H29D.

deemed "prima facie failure to prosecute." *Koh v. Kumar*, 207 P.3d 900, 901 (Colo. App. 2009) (citing C.R.C.P. 121, § 1-10(3)).

¶ 9     Before dismissing the case, however, the trial court must give the parties thirty-five days' written notice or require the parties to show cause in writing why the case shouldn't be dismissed. C.R.C.P. 121, § 1-10(2); *see Koh*, 207 P.3d at 901 (interpreting prior version of the rule mandating thirty days' notice); C.R.C.P. 41(b)(2) (requiring "reasonable notice . . . in accordance with Rule 121, section 1-10"). Compliance with this notice provision is mandatory. *See Koh*, 207 P.3d at 901; *see also Maxwell v. W.K.A. Inc.*, 728 P.2d 321, 323 (Colo. App. 1986) (failure to comply with notice requirements before dismissal for failure to prosecute warranted post-judgment relief).

¶ 10    The decision to dismiss an action for failure to prosecute lies within the trial court's sound discretion, so we review its decision for an abuse of discretion. *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 569 (Colo. 2009). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *Freedom*

*Colo. Info., Inc. v. El Paso Cnty. Sheriff's Dep't*, 196 P.3d 892, 899 (Colo. 2008).

### B.    Analysis

¶ 11    We conclude that the district court abused its discretion by effectively dismissing the case without providing adequate notice to Aguilar Coronel.

¶ 12    The district court's two standardized delay prevention orders informed Aguilar Coronel's counsel that failing to comply with the orders would be deemed a failure to diligently prosecute the action, resulting in dismissal of the action without further notice.  But a division of this court has held that a "pro forma" delay reduction order generally doesn't suffice to satisfy the notice requirements in C.R.C.P. 121, section 1-10(2).  *See Koh*, 207 P.3d at 901-02.  And that is true here.  The orders provided only fourteen days for compliance, not the required thirty-five; didn't provide the parties with an opportunity to show cause why the case shouldn't be dismissed; and didn't clearly convey that they contemplated a C.R.C.P. 121, section 1-10 dismissal.

¶ 13    In addition, even counting the eleven-month period from Aguilar Coronel's notice to set in May 2024 to his motion to

5

reinstate in April 2025, Aguilar Coronel didn't let the case languish with no activity of record for twelve continuous months. As a result, no "prima facie failure to prosecute" supported the court's decision to effectively dismiss the case. C.R.C.P. 121, § 1-10(3); *see Koh*, 207 P.3d at 901.

¶ 14    While we don't condone Aguilar Coronel's delay or inattention to the status of the case, we conclude on this record that the inadequate notice in the delay prevention orders requires reversal. In so holding, we are mindful that the delay since the November 2020 traffic accident may hamper defendants' ability to prepare a defense. But Colorado law favors resolving disputes on the merits. *See, e.g.*, *Oversole v. Manci*, 216 P.3d 621, 623 (Colo. App. 2009).

### III.    Disposition

¶ 15    We reverse the judgment and remand the case with directions to reinstate Aguilar Coronel's complaint.

JUDGE PAWAR and JUDGE MEIRINK concur.